THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ORTOLI, as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet, Deceased<br><br>Plaintiff,<br><br>vs.<br><br>OCEANGATE INC., THE ESTATE OF R.S. RUSH III, TONY NISSEN, ELECTROIMPACT INC., JANICKI INDUSTRIES, INC., and HYDROSPACE GROUP, INC.<br><br>Defendants, | **CASE NO**.: **2:24-CV-01223-BAT**<br><br>**PLAINTIFF'S MOTION TO REMAND**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**NOTE ON MOTION CALENDAR:**<br>**October 11, 2024** |

## I. <u>INTRODUCTION</u>

Janicki Industries, Inc. ("Janicki"), a forum defendant, removed this case through what has been dubbed "snap removal." Snap removal involves a defendant removing a case to federal court based on diversity jurisdiction *after* a lawsuit is filed in state court, but *before* a forum defendant is served. The Court should reject Janicki's attempt at snap removal and remand this case to King County Superior Court. The practice of snap removal has not been endorsed by the Ninth Circuit and it runs afoul of the forum defendant rule. Moreover, the Court should remand this case because Plaintiff has asserted a cause of action under the Jones Act, 46 U.S.C. § 30104 et seq., and Jones Act claims are not removable even if there is complete diversity and no forum defendants.

MOTION TO REMAND– 1
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

## II.     **RELEVANT FACTS**

This case stems from the wrongful death of Paul-Henri Louis Emile Nargeolet, who was, tragically, killed onboard the manned deep-sea submersible TITAN in navigable waters on June 18, 2023. *See* Notice of Removal Exhibit A (Dkt. 1-1) (hereinafter the "Complaint") at ¶¶ 1.1-1.5. On August 6, 2024, Richard Ortoli, the court-appointed Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet, filed a wrongful death action in King County Superior Court seeking recovery of damages on behalf of all eligible beneficiaries. *See generally* Complaint. The Complaint includes claims under the Jones Act, 46 U.S.C. § 30104 et seq., and the General Maritime Law. *See id.* at ¶ 2.1. Plaintiff expressly exercised his right to pursue the wrongful death action in state court pursuant to the Savings to Suitors clause. *See* 28 U.S.C. §1333. The named defendants in this action are Oceangate Inc., the Estate of R.S. Rush III, Tony Nissen, Electroimpact Inc., Janicki Industries, Inc., and Hydrospace Group, Inc. *See id.*

A mere three days after this action was filed in Superior Court, and before any defendants had been served, Janicki removed the case to this Court. *See* Notice of Removal (Dkt. 1). The sole ground for removal cited by Janicki is diversity jurisdiction under 28 U.S.C. § 1332. *See id.* at ¶ 8.

A defendant's ability to remove an action is limited in cases involving diversity of citizenship. Under 28 U.S.C. § 1441(b)(2), which is known as the "forum defendant rule," a suit that is "otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly jointed and served as defendants is a citizen of the State in which such action is brought."

Janicki asserts "that this is a civil action between citizens of different states." *See* Notice of Removal (Dkt. 1) at ¶9. However, the Complaint makes clear that four of the named Defendants are citizens of Washington. Oceangate Inc., is a Washington corporation doing business in Washington. *See* Complaint at ¶3.2. The Estate of R.S. Rush III, refers to the Estate of Decedent, R.S. Rush III, who died a resident of King County, Washington and for which a

MOTION TO REMAND– 2
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

probate proceeding is pending in King County Superior Court. *See id.* at ¶3.3. Electroimpact Inc. is a Washington corporation with its principal office in Washington. *See id.* at ¶3.5. Janicki itself is also a Washington corporation with its principal offices here. *See id.* at ¶3.6.

The forum defendant rule of 28 U.S.C. § 1441(b)(2) would ordinarily prohibit Janicki from removing Plaintiff's case to federal court. Janicki is, however, employing the tactic of snap removal. In snap removal, a defendant removes a case to federal court on diversity jurisdiction *after* the suit has been filed in state court, but *before* a forum defendant has been served, arguing that the language used in section 1441(b)(2) allows removal despite the presence of properly joined forum defendants provided that removal occurs *before* any forum defendant is served. Here, service of process was effectuated on the Defendants after Janicki had already filed its Notice of Removal on August 9, 2024. Oceangate, Inc. was served on August 14, 2024. *See* Exhibit A, Returns of Service. Janicki was served on August 16, 2024. *See id.* The Estate of R.S. Rush III was served on August 20, 2024. *See id.* Electroimpact, Inc. was served on August 22, 2024. *See id.* The remaining Defendants, Tony Nissen and Hydrospace Group, Inc., have yet to be served.

### III.   ARGUMENT AND AUTHORITY

**A.   Applicable Standards.**

"It is a 'longstanding, near-canonical rule that the burden on removal rests with the removing defendant.'" *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1178 (W.D. Wash. 2014) (quoting *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir.2006)). Courts within the Ninth Circuit "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

MOTION TO REMAND– 3
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

**B.     This Motion is Timely.**

Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." Janicki's Notice of Removal was filed on August 9, 2024. See Notice of Removal (Dkt. 1). Because this motion was made within 30 days of August 9, 2024, it is timely.[1]

**C.     Janicki's Snap Removal Tactic is Not Authorized.**

Neither the Ninth Circuit nor the Western District of Washington has endorsed the practice of snap removal.

The Ninth Circuit has yet to take a position on snap removal specifically, but it has explicitly prohibited the similar practice of "super snap removal". *See Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024). "Super snap removal" describes the scenario where a defendant removes a case to federal court before it is even accepted as a civil action in the state court. In *Casola*, the Ninth Circuit noted the "final chapter on snap removals in the Ninth Circuit remains to be written," but it expressly chose to "close the book on California defendants' attempts at ever-snappier snap removals." *Id.* at 964.

In the Western District of Washington Judge Robart has described snap removal as a "controversial procedure," further noting that its compliance with the removal statute is "questionable." *See Breuer v. Weyerhaeuser NR Company*, No. 20-0479-JLR, 2020 U.S. Dist. LEXIS 131565, 2020 WL 4260948 (W.D. Wash. July 24, 2020). More recently, this Court expressly rejected a defendant's attempt at snap removal in favor of remand. *See Pratt v. Alaska Airlines, Inc.*, No. 2:21-CV-84-DWC, 2021 U.S. Dist. LEXIS 91092 (W.D. Wash. May 12, 2021). In *Pratt*, the defendant, a citizen of Washington, filed a notice of removal before any

---

[1] Because 28 U.S.C. § 1447(c) does not specify a method for computing time, Federal Rule of Civil Procedure 6(a) applies to set the applicable deadline where the 30th day after removal falls on a weekend or holiday. *Turner v. National Response Corp.,* 2012 WL 3990929 *3 (E.D. Tx. August 17, 2012). Here, the 30th day after removal fell on Sunday, September 8, 2024. The deadline to move for remand therefore falls on the following day, Monday September 9, 2024. Fed. R. Civ. P. 6(a). *See Hurt v. District of Columbia*, 869 F.Supp.2d 84, 86 (D. DC. 2012) ("A motion for remand must be made within thirty days after the filing of the notice of removal. The deadline for such a filing extends to the earliest day that is neither a weekend nor a federal holiday. The thirty-day period for plaintiff's response to the notice of removal thus ended on January 3, 2012, as December 31, 2011, and January 1, 2012, were weekend days and January 2 was a federal holiday.") (Internal citations and quotes omitted).

MOTION TO REMAND– 4
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

service had occurred on the defendant. *See id.* The Court recognized the purpose of the forum defendant rule in giving meaning to the removal statute, 28 U.S.C. §1441, and further described its reasoning as follows:

> For the reasons explained above, the Court finds the meaning of the text of Section 1441(b)(2) is clear and unambiguous. The word "any" in "any parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," means at least one defendant must have been properly served before an out-of-state defendant can remove a state court case to federal court on the basis of diversity jurisdiction. This also means "snap removal" is not consistent with the text, history, and purpose of the Forum Defendant Rule.

*Id.* at *8.

The Court in *Pratt* noted, moreover, that it was joining a majority of courts in determining that snap removal is untenable and unauthorized. *Id.* at *6-7. For example, the Central District of California has rejected the tactic of snap removal in recent cases. *See Badger v. Inari Med., Inc.*, No. 8:24-cv-00994-DOC, 2024 U.S. Dist. LEXIS 116738 (C.D. Cal. July 1, 2024); *see also Hershey v. Lab'y Corp. of Am. Holdings*, No. 2:24-cv-02651 SPG, 2024 U.S. Dist. LEXIS 104751 (C.D. Cal. June 11, 2024). The District of Nevada has likewise rejected snap removal. *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1010–11 (D. Nev. 2021) ("Judges in this District who have reached the question have uniformly held that 'snap removal' is improper under 28 U.S.C. § 1441(b)(2)."). The district courts in the Sixth Circuit have rejected snap removal on multiple grounds, including the position that no case is removable until at least one of the defendants has been served.[2] *See Cincinnati Ins. Co. v. Omega Elec. & Sign Co.*, 652 F. Supp. 3d 879, 882 (E.D. Mich. 2023) (noting that "every district court in the Sixth Circuit presented with the question has reasoned, even if a case is 'removable' on diversity grounds, it may not be removed unless" any of the parties in interest was properly joined and served as a defendant; and collecting cases).

---

[2] It bears noting that 28 U.S.C. § 1446 (b)(1) provides that notice of removal "shall be filed withing 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief…"

MOTION TO REMAND– 5
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

The Northern District of Illinois has likewise rejected snap removal. *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F. Supp. 3d 764, 770 (N.D. Ill. 2021) ("[C]onsidering the intent of the forum-defendant rule—which goes to the genuine interests and citizenship of the parties, not how quickly they are served with process—the Court concludes that the loophole for which Defendants advocate would lead to an absurd result, inconsistent with the statutory purpose."). *Pa. Manufacturers' Ass'n Ins. Co. v. Fidelitone, Inc.*, No. 23 C 16940, 2024 WL 1461459 (N.D. Ill. Apr. 4, 2024), a very recent decision from the N.D. Illinois updates the state of the law on snap removal, and concludes: "[S]nap removals turn diversity jurisdiction, designed to shield out-of-state defendants from hometown bias, into a sword for well-resourced defendants to select their forum when they are sued in their own state's courts. The court declines to 'write[ ] the forum-defendant rule out of existence for ... defendants with ... resources.'" *Id.* at *7 (internal quotes and citation omitted).

Without doubt, resources and technology play a large hand in the proliferation of snap removal. As the district court observed in *Pa. Manufacturers' Ass'n Ins. Co.*:

> Sophisticated litigants can now employ computer programs that crawl court dockets minute-by-minute and provide alerts the moment a lawsuit is filed – typically days or weeks before the putative defendant receives service. This enables such defendants to file a notice of removal in just a few hours, exploiting statutory language that suggests in-state defendants are only prohibited from removing to federal court 'if properly served and joined' to defeat the 'forum-defendant rule' that has been a mainstay of civil procedure for decades.

2024 WL 1461459 at *1-2. This practice unreasonably favors the most sophisticated and well-funded defendants, enabling them to execute snap removals prior to service when more run-of-the-mill forum defendants are left on a different footing.

A defendant's right to remove a case has long been limited by the forum defendant rule, which bars removal of a case to federal court on the basis of diversity jurisdiction if the defendant is sued in its home state. *See Martin v. Snyder*, 148 U.S. 663 (1893). In 1948, the removal statute was amended to state that a defendant can remove a diversity case "only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is

MOTION TO REMAND– 6
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

brought." 28 U.S.C. §1441(b)(1948) (emphasis added). Historical context suggests the purpose behind the "properly joined and served" language was to prevent fraudulent joinder. *See Champion Chrysler Plymouth v. Dimension Service Corp.*, No. 2:17-cv-130, 2017 WL 726943, at *2 (S.D. Ohio Feb. 24, 2017).

The rationale for the forum defendant rule is tied to a common justification for diversity jurisdiction itself. Diversity jurisdiction opens the federal courts to out-of-state defendants who might suffer from local prejudice in state court. *Hertz Corp. v. Friend*, 559 U.S. 77, 85, 130 S. Ct. 1181 (2010). If diversity jurisdiction serves to protect out-of-state defendants from the risk of home-town prejudice against them in state court, then a defendant's right to remove a case on the basis of diversity jurisdiction should apply when an out-of-state defendant finds itself subject to the judicial power of another state. *See Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997). There's simply no need to protect a defendant from perceived local bias when the defendant is a citizen of the state in which the case is brought. Thus, the forum defendant rule was designed to prevent in-state defendants from using diversity to remove cases to federal court because, unlike out-of-state defendants, in-state defendants are not vulnerable to local prejudice in state court. *See Pratt*, 2021 U.S. Dist. LEXIS 91091, at *8-9.

The practice of snap removal runs contrary to the purpose of the forum defendant rule because it allows an in-state defendant to use diversity jurisdiction to remove a case to federal court, despite the clear and unambiguous meaning of section 1441(b)(2) to the contrary. *See Pratt*, 2021 U.S. Dist. LEXIS 91092 at * 8.

This is not a case where the plaintiff has improperly joined an in-state defendant simply to prevent removal. There is no question that the Plaintiff here intends to pursue claims against the in-state defendants. Indeed, Plaintiff has named four Washington citizens as Defendants – Janicki, Oceangate, Inc., The Estate of R.S. Rush III, and Electroimpact, Inc. All four Washington Defendants were served with process within days of Plaintiff's Complaint being filed in King County Superior Court, and detailed allegations against the four Washington

MOTION TO REMAND– 7
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Defendants are set forth in Plaintiff's Complaint. Janicki, as the removing Defendant, is an in-state Defendant who faces no prejudice in Washington state court. The removal statute is not intended to benefit defendants like Janicki. The Court should reject Janicki's attempt at snap removal to protect the purpose behind the forum defendant rule.

### D. Plaintiff's Jones Act and Maritime Claims Are Not Subject to Removal.

Plaintiff's Complaint includes claims arising under the Jones Act, 46 U.S.C. §30104 *et seq.*, and the General Maritime Law. *See generally* Complaint. Under 28 U.S.C. §1333(1), district courts have original jurisdiction over any civil case of admiralty or maritime jurisdiction, "saving to suitors in all cases all other remedies to which they are entitled." This is known as the "savings to suitors" clause, and it preserves the concurrent jurisdiction of the state and federal courts over admiralty and maritime matters. As such, admiralty or maritime cases filed in state court are not removable absent some other basis of original jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001); *see also Coronel*, 1 F. Supp. 3d 1175.

The Jones Act claim for the wrongful death of Paul-Henri Louis Emile Nargeolet warrants special protection against removal. Supreme Court precedent holds that a claim brought under the Jones Act in any state court "is not subject to removal to federal court even in the event of diversity of the parties." *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 121 S. Ct. 993 (2001). A remedial statute, the Jones Act allows a seaman (or Jones Act beneficiary) to choose whether to bring suit in a state or a federal forum, with the right to a trial by jury. In order to protect this right, the law mandates that if a seaman chooses to bring suit in state court, his choice should be honored. Removal of Jones Act claims is also prohibited under the authority of 28 U.S.C. §1445(a). *Lewis v. Lewis & Clark Marine*, 531 U.S. at 455 (citing 28 U.S.C. § 1445(a) as authority for its conclusion that Jones Act claims are not removable). As the Fifth Circuit elaborated: "It is axiomatic that Jones Act suits may not be removed from state court because [the Jones Act] incorporates the general provisions of the Federal Employer's Liability Act,

MOTION TO REMAND– 8
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

including 28 U.S.C. §1445 (a), which in turn bars removal." *Lackey v. Atlantic Richfield Company*, 990 F.2d 202 (5th Cir. 1993).

The Western District of Washington has previously ruled in favor of remand on cases involving Jones Act claims. *See Fields v. Halvorson*, No. C21-1591 RSM, 2022 U.S. Dist. LEXIS 176405 (W.D. Wash. Sep. 28, 2022); *see also Coronel*, 1 F. Supp. 3d 1175 (remanding both Jones Act and general maritime law claims). Because a Jones Act claim has been properly pled for the tragic death of Paul-Henri Louis Emile Nargeolet, Plaintiff's case should be remanded to state court. Paul-Henri Louis Emile Nargeolet died in service of a vessel operating in navigable waters. The Jones Act is intended to protect seafarers like him, whose employment exposes them to the perils of the sea. Mr. Nargeolet's beneficiaries, acting through the court-appointed administrator of his Estate, have exercised the right to pursue this Jones Act claim in state court. The protection conferred by 28 U.S.C. §1445 (a) is incorporated into the Jones Act and warrants remand of Plaintiff's case to state court.

## IV.    REQUEST FOR FEES UNDER 28 U.S.C. § 1447(c)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "When defendants remove a case improperly … they cause the plaintiff[] to incur the expense of seeking a remand. That expense is a direct result of the removal, and section 1447(c) permits the plaintiff[] to recoup that expense." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1141 (9th Cir. 2017) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)). Courts in the Ninth Circuit apply the "objectively reasonable standard by looking to the clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th

MOTION TO REMAND– 9
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Cir. 2008); *Knudsen v. Hightower Holdings, LLC*, No. C24-0395-KKE, 2024 WL 3430994, at *2 (W.D. Wash. July 16, 2024).

Plaintiff is entitled to an award of fees and costs because snap removal, particularly under the circumstances here, is not an objectively reasonable basis for removal. No parties had been served and Janicki is undeniably a properly joined forum defendant.

## V.   CONCLUSION

This Court has previously rejected the snap removal tactic employed by Janicki in removing this case to federal court. The presence of in-state defendants, including Janicki, triggers application of the forum defendant rule, which serves to bar removal on the basis of diversity jurisdiction. Moreover, this case should be remanded because Plaintiff has asserted a Jones Act cause of action, and Jones Act claims are not removable even if there is diversity.

I certify that this memorandum contains 3,392 words, in compliance with the Local Civil Rules.

DATED this 9th day of September, 2024.

SCHECHTER SHAFFER & HARRIS LLP         NICOLL BLACK & FEIG PLLC

/s/ Matthew D. Shaffer                 /s/ Christopher W. Nicoll
Matthew D. Shaffer, WSBA No. 57271     /s/ Shantrice D. Anderson
*Attorneys for Plaintiff*              Christopher W. Nicoll, WSBA No. 20771
                                       Shantrice D. Anderson, WSBA No. 51733
                                       *Attorneys for Plaintiff*

MOTION TO REMAND– 10
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of the Court using the CM/CF system which will send notification of such filing to the following:

| | |
|---|---|
| Shawn Larsen-Bright<br>DORSEY & WHITNEY LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104<br>larsen.bright.shawn@dorsey.com<br>***Attorneys for Defendant Janicki Industries, Inc*** | Steve W. Fogg<br>Kelly H. Sheridan<br>Mark T. Rutherford<br>CORR CRONIN LLP<br>1015 Second Ave<br>10th Fl<br>Seattle, WA 98104<br>206-625-8600<br>Fax: 206-625-0900<br>Email: ksheridan@corrcronin.com<br>***Attorneys for Electroimpact Inc.*** |
| Randall T. Thomsen<br>Ariel A. Martinez<br>Michelle Buhler<br>BRYAN CAVE LEIGHTON PAISNER LLP (SEA)<br>999 Third Avenue<br>Ste 4400<br>Seattle, WA 98104<br>206-623-1700<br>Email: bill.beaver@bclplaw.com<br>Email: randall.thomsen@bclplaw.com<br>Email: ariel.martinez@bclplaw.com<br>Email: michelle.buhler@bclplaw.com | Robert M. Sulkin<br>Malaika M. Eaton<br>MCNAUL EBEL NAWROT & HELGREN PLLC<br>600 University Street, Suite 2700<br>Seattle, WA 98101-3134<br>T (206) 467-1816<br>F (206) 624-5128<br>rsulkin@mcnaul.com; mmeaton@mcnaul.com;<br>***Attorneys for Defendant The Estate of R.S. Rush III*** |
| William H. Beaver, Jr.<br>KARR TUTTLE CAMPBELL<br>1201 THIRD AVE<br>STE 2900<br>SEATTLE, WA 98101-3028<br>206-223-1313<br>Email: wbeaver@karrtuttle.com<br>***Attorneys for Defendant Oceangate Inc.*** | |

MOTION TO REMAND– 11
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Matthew Shaffer
Schecter, Shaffer & Harris, LLP
3200 Travis, 3rd Floor
Houston, TX 77006
(713) 524-3500 (office)
(713) 724-7142 (cell)
e-mail: mshaffer@smslegal.com
***Attorneys for Plaintiff***

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 9, 2024, at Seattle, Washington.

_____
Ian McDonald

MOTION TO REMAND– 12
CASE NO.: 2:24-CV-01223-BAT

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555