THE HONORABLE LAUREN KING

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ORTOLI, as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet, Deceased<br><br>Plaintiffs,<br><br>vs.<br><br>OCEANGATE INC., THE ESTATE OF R.S. RUSH III, TONY NISSEN, ELECTROIMPACT INC., JANICKI INDUSTRIES, INC., and HYDROSPACE GROUP, INC.<br><br>Defendants. | No. 2:24-cv-01223 LK<br><br>**DEFENDANT JANICKI INDUSTRIES, INC.'S OPPOSITION TO PLANTIFF'S MOTION TO REMAND**<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR: October 11, 2024 |

Defendant Janicki Industries, Inc. ("Janicki") respectfully submits this Opposition to Plaintiff's Motion to Remand (Dkt. #14) ("Motion").

### I.   INTRODUCTION AND RELEVANT FACTS

Plaintiff Richard Ortoli filed his Original Complaint in this action in the Superior Court for King County on August 6, 2024. Dkt. #1-1 ("Complaint"). That same day, Plaintiff's counsel caused a national press release to be issued announcing the filing of the lawsuit and naming all six defendants. *See* Lauren Berg, *Titan Victim's Family Sues For $50M Over Sub's Design Flaws*,

OPPOSITION TO PLANTIFF'S
MOTION TO REMAND                          - 1 -
2:24-cv-01223 LK

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Law360 (Aug. 7, 2024), https://www.law360.com/articles/1867488/titan-victim-s-family-sues-for-50m-over-sub-s-design-flaws. Three days later, on August 9, 2024, before Plaintiff had served any of the defendants, Janicki removed the case to this Court pursuant to 28 U.S.C. § 1441(a). Dkt. #1. Plaintiff has now moved to remand the matter to state court. Dkt. #14. There is no basis for Plaintiff's Motion, as removal here is expressly authorized by 28 U.S.C. § 1441(b)(2) and because Plaintiff has fraudulently pled a Jones Act claim against all defendants.

## II.   ARGUMENT AND AUTHORITY

### A.   The Removal Statute Permitted Janicki to Remove Before Service.

28 U.S.C. § 1441(b)(2) provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." (Emphasis added). The statute's "plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined *and served*." *Encompass Ins. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added). Plaintiff acknowledges that Janicki removed after Plaintiff filed his Complaint but before service. Dkt. #14 at 2. However, Plaintiff claims that removal before service of a forum defendant, or "snap removal," is improper. Plaintiff is wrong.

"The weight of authority is that snap removals are permitted under the forum-defendant rule." *Doe v. Daversa Partners*, No. 20-cv-3759 (BAH), 2021 U.S. Dist. LEXIS 35085, at *11 (D.D.C. Feb. 25, 2021). In fact, the only three circuit courts of appeal to have considered the issue have *unanimously* interpreted Section 1441(b)(2) to permit snap removal. *See Texas Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706 (2d Cir. 2019); *Encompass Ins.*, 902 F.3d at 152-53.

Moreover, contrary to Plaintiff's contention, a majority of federal district courts, including numerous district courts in the Ninth Circuit, have adopted the circuit courts' holdings. *See World Fin. Grp. Ins. Agency v. Olson*, No. 24-cv-00480-EJD, 2024 U.S. Dist. LEXIS 30637, at *14 (N.D. Cal. Feb. 22, 2024) (allowing removal prior to service is the "majority view"); *Daversa Partners*,

OPPOSITION TO PLANTIFF'S
MOTION TO REMAND
2:24-cv-01223 LK

- 2 -

**Dorsey & Whitney LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820

2021 U.S. Dist. LEXIS 35085, at *11 (the "weight of authority" embraces snap removals); *see also, e.g., McDonough v. Bidwill*, No. CV-24-00764-PHX-DWL, 2024 U.S. Dist. LEXIS 96892, at *6 (D. Ariz. May 30, 2024); *Humana Inc. v. Handa Pharms., LLC*, No. 23-cv-01550-DMR, 2023 U.S. Dist. LEXIS 142833, at *8-9 (N.D. Cal. Aug. 15, 2023); *Metlife Home Loans, LLC v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01798-GMN-VCF, 2021 U.S. Dist. LEXIS 170016, at *13 (D. Nev. Sep. 8, 2021)[1]; *Great W. Cas. Co. v. CR Express, Inc.*, No. 23-cv-16942, 2024 U.S. Dist. LEXIS 128552, at *5 (N.D. Ill. July 22, 2024); *Smith v. Christmas*, No. 1:24-cv-00625-KWR/JMR, 2024 U.S. Dist. LEXIS 170723, at *8-9 (D.N.M. Sep. 20, 2024); *Spigner v. Apple Hosp. REIT, Inc.*, No. 3:21cv758 (DJN), 2022 U.S. Dist. LEXIS 86059, at *13 (E.D. Va. Mar. 1, 2022).

These courts all hold that the plain language of the statute authorizes snap removal. As the Second Circuit held in *Gibbons*:

> [T]he language of the forum defendant rule in section 1441(b)(2) is unambiguous." [*Encompass Ins.*,] 902 F.3d at 152. The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been "*properly* joined and *served*." 28 U.S.C. § 1441(b)(2) (emphasis added). By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as the federal court can assume jurisdiction over the action.

*Gibbons*, 919 F.3d at 705.

Despite this weight of authority, Plaintiff relies on *Pratt v. Alaska Airlines, Inc.*, No. 2:21-CV-84-DWC, 2021 U.S. Dist. LEXIS 91092 (W.D. Wash. May 12, 2021), to argue that snap removal is "untenable and unauthorized." Dkt. #14 at 5. In *Pratt*, the court adopted the reasoning of a law review article[2] to conclude that the term "any" in Section 1441(b)(2) means that "at least one defendant must have been properly served before an out-of-state defendant can remove a state

---

[1] Plaintiff's suggestion that the District of Nevada has uniformly rejected snap removal is plainly wrong. Plaintiff also fails to note that "the Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Humana Inc.*, 2023 U.S. Dist. LEXIS 142833, at *6 (quoting *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 U.S. Dist. LEXIS 94613, at *17 (N.D. Cal. June 5, 2019)).

[2] Amir Schachmurove, *Making Sense of the Resident Defendant Rule*, 52 U.C. DAVIS L. REV. ONLINE 203 (2019).

OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 3 -
2:24-cv-01223 LK

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

court case to federal court on the basis of diversity jurisdiction." *Pratt*, 2021 U.S. Dist. LEXIS 91092, at *8. The plain language of the statute demonstrates the illogic of this reasoning. The statute plainly says that an action otherwise removable under a federal court's diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). By its plain language, removal is not allowed if any defendant that is a citizen of the forum state has been "properly joined and served." The word "any" simply makes it clear that *all* forum state defendants do not have to be "properly joined and served" for the rule to apply; it is sufficient if *one* forum state defendant has been "properly joined and served." If Congress had intended the meaning that *Pratt* ascribes to the statute, it could have said that any action "may not be removed if, after at least one party properly joined as a defendant has been served, no other defendant that has been properly joined and served as a defendant is a citizen of the State in which such action is brought." But it did not. Nothing in the statute can be fairly read, as *Pratt* suggests, to condition removal on at least one party in interest having already been served.

The reasoning embraced by the *Pratt* court "reads an additional assumption into the entire removal statute under Section 1441" and in doing so "rewrites the removal statute to require that at least one defendant be properly served." *Metlife Home Loans*, 2021 U.S. Dist. LEXIS 170016, at *10. Such a rewrite is impermissible. *See Xi v. INS*, 298 F.3d 832, 839 (9th Cir. 2002) ("[A] decision to rearrange or rewrite [a] statute falls within the legislative, not the judicial, prerogative."); *see also Encompass Ins.*, 902 F.3d at 154 ("There are simply no grounds upon which we could substitute [the plaintiff's] interpretation for the literal interpretation. Reasonable minds might conclude that the procedural result demonstrates a need for a change in the law; however, if such change is required, it is Congress — not the Judiciary — that must act."); *Gibbons*, 919 F.3d at 705 ("[T]he language of the forum defendant rule is unambiguous. . . . [U]ntil a home-state defendant has been served . . . a state court lawsuit is removable under Section 1441(a)."). Plaintiff's reliance on *Pratt* is unavailing.

*Breuer v. Weyerhaeuser NR Co.*, No. C20-0479JLR, 2020 U.S. Dist. LEXIS 131565 (W.D.

OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND         - 4 -
2:24-cv-01223 LK

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Wash. July 24, 2020), similarly offers no support to Plaintiff. *Breuer* did not even address the merits of snap removal; the court mentioned snap removal only in the course of addressing the defendant's argument that plaintiffs' motion for dismissal without prejudice should be denied because it was sought "to avoid a near-certain adverse ruling" on plaintiffs' remand motion. *Id.* at *9.

Plaintiff's reliance on the Ninth Circuit's decision in *Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024), is also misplaced. In *Casola*, the Ninth Circuit rejected what it termed "super snap removal"—that is, removal *before a lawsuit is filed*. The court expressly declined to decide the issue of snap removal. *Casola*, 98 F.4th at 964. *Casola* is therefore inapposite.

Plaintiff next asks this Court to consider the legislative purpose and historical context of the removal statute. But where, as here, the statute is unambiguous, "the plain meaning controls if it does not lead to absurd or impracticable consequences." *United States v. Tucor Int'l, Inc.*, 189 F.3d 834, 836 (9th Cir. 1999); *see also Tex. Brine*, 855 F.3d at 486 ("[W]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language.") (quotations omitted). Absurdity is a high bar, requiring a result that "no reasonable person could intend." *Tex. Brine*, 955 F.3d at 486 (quotation omitted); *see also, e.g.*, *Tamm v. United States Tr. (In re Hokulani Square, Inc.)*, 776 F.3d 1083, 1088 (9th Cir. 2015) ("The absurdity canon isn't a license for [courts] to disregard statutory text where it conflicts with our policy preferences; instead, it is confined to situations where it is quite impossible that Congress could have intended the result . . . and where the alleged absurdity is so clear as to be obvious to most anyone.") (cleaned up). The majority view permitting snap removal, while perhaps arguable as a matter of policy, does not rise to the level of absurdity because Congress reasonably could have intended the possibility of snap removal. *See Tex. Brine*, 955 F.3d at 486; *see also Gibbons*, 919 F.3d at 706 ("Congress may well have adopted the 'properly joined and served' requirement in an attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant."); *Encompass Ins.*, 902

OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND           - 5 -
2:24-cv-01223 LK

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

F.3d at 153 ("Our interpretation does not defy rationality or render the statute nonsensical or superfluous, because: (1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary."). Accordingly, there is no basis for looking beyond the plain text of Section 1441(b)(2) to find snap removal permissible. There is, moreover, no legislative history to interpret. *See Metlife Home Loans*, 2021 U.S. Dist. LEXIS 170016, at *11-12 ("Congress added the language, 'properly joined and served' in 1948. However, the legislative history of 1948 revision provides no explanation for the inclusion of the 'properly joined and served' language.") (cleaned up); *see also Encompass Ins*., 902 F.3d at 153 (finding that the "legislative history provides no guidance").

Finally, Plaintiff's concerns about gamesmanship arising from advances in technology do not render Section 1441(b)(2)'s plain language absurd. *See Christmas*, 2024 U.S. Dist. LEXIS 170723, at *11-12 (rejecting plaintiff's argument that advances in technology rendered snap removal absurd). In any event, no such gamesmanship occurred here. The same day that Plaintiff filed the Complaint, Plaintiff's counsel issued a nationwide press release trumpeting the Complaint's filing. Plaintiff did not immediately seek to effect service on any defendant. Indeed, three days passed before Janicki filed its notice of removal. "Gamesmanship" and advanced technology have nothing to do with the issue here.

Section 1441(b)(2) expressly permits removal after a complaint is filed but before a forum defendant is served if there is complete diversity. There is no dispute that complete diversity exists between Plaintiff, a citizen of Florida appointed as personal representative by a New York court (Dkt #1-1 at ¶ 3.1), and the defendants, all citizens of the other states (*id*. at ¶¶ 3.2-3.7). Plaintiffs' claim of $50 million in damages clearly exceeds the $75,000 threshold. Nor is there any dispute that Janicki filed its notice of removal before any defendant was served. Dkt. #14 at 2. Consequently, Plaintiff's remand motion should be denied.

OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND          - 6 -
2:24-cv-01223 LK

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**B. Jurisdiction in this Court is Proper Because Plaintiff Has No Basis for Asserting a Jones Act Claim Against Janicki or Any Other Defendant.**

Plaintiff next asserts that Jones Act claims are not removable.[3] While Jones Act cases are generally not removable, an exception exists where a resident defendant has been fraudulently joined to prevent removal. *See, e.g.*, *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *Braidwood v. Warn*, No. C09-687MJP, 2009 U.S. Dist. LEXIS 138522, at *2-3 (W.D. Wash. Aug. 3, 2009) (citing *Lackey*, 990 F.2d at 207). Joinder is fraudulent where, as here, "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (fraudulent joinder focuses on "whether the plaintiff can state a reasonable or colorable claim relief under the applicable substantive law") (citation and internal quotations omitted). When claiming fraudulent joinder, "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Lackey*, 990 F.2d at 207; *see also McCabe*, 811 F.2d at 1339 ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."); *Creps v. Truco Marine, LLC*, No. C-11-01751-DMR, 2011 U.S. Dist. LEXIS 129293, at *6 (N.D. Cal. Nov. 8, 2011) ("In these circumstances, courts may pierce the pleadings and examine affidavits, declarations, and other materials beyond the complaint to discern whether the plaintiff fraudulently pled his [Jones Act] claim.").

The Jones Act is a federal statute that creates a cause of action for seaman who are injured in the course of employment to bring a claim against the seaman's employer—and *only* the employer. The Act provides, in relevant part: "A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, *against the employer*." 46 U.S.C. § 30104

---

[3] Plaintiff tries to suggest that claims brought under admiralty or maritime law generally are not removable. However, as the case cited by Plaintiff makes clear, admiralty and maritime law claims *are* removable as long as there is diversity or federal question jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001) ("Courts have held that saving clause claims brought in state court are not removable under 28 U.S.C. § 1441 *absent some other jurisdictional basis, such as diversity or federal question jurisdiction*.") (emphasis added). Because this Court has diversity jurisdiction over the matter, removal is proper.

OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND                - 7 -
2:24-cv-01223 LK

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

(emphasis added); *see also Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495, 1498 (9th Cir. 1995), *abrogated on other grounds by Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009) ("To recover under the Jones Act, the plaintiff must show that the defendant was his employer at the time of injury.").

Plaintiff cannot assert a Jones Act claim against *any* of the defendants. Mr. Nargeolet's employer was non-party RMS Titanic, Inc. *See* RMS Titanic, Inc., *Meet the RMS Titanic, Inc. Leadership Team*, https://www.discovertitanic.com/about-us/team/ (last accessed September 29, 2024); Complaint ¶ 1.2. Mr. Nargeolet was not, as the Complaint asserts, an employee of defendant Janicki. *See* Declaration of Kerry Kron at ¶¶ 2-3; Declaration of John Janicki at ¶¶ 2–3. Indeed, as the Complaint concedes, Janicki's only connection with OceanGate and the TITAN was curing and machining a piece of the hull to OceanGate's specifications and under OceanGate's supervision. Declaration of John Janicki at ¶ 3; Complaint ¶ 5.64. Nor was Mr. Nargeolet an employee of defendant Electroimpact, Inc. ("Electroimpact"). *See* Declaration of Kaitlyn Simester at ¶¶ 3-4. As the Complaint explains, Electroimpact's involvement with the TITAN project was limited to laying the carbon fibers for the vessel's hull. Complaint ¶ 5.63. The Complaint does not point to anything suggesting that defendant Hydrospace Group, Inc. ("Hydrospace") employed Mr. Nargeolet, but instead acknowledges that Hydrospace's role was limited to manufacturing the TITAN's acrylic viewport. Complaint ¶ 5.65.[4] Plaintiff apparently named Tony Nissen as a defendant for his engineering, not any role as an employer. Complaint ¶ 5.66. Nor was Mr. Nargeolet an employee of OceanGate. *See* Declaration of Gordon Gardiner at ¶ 2. OceanGate had a practice of allowing scientific luminaries such as Mr. Nargeolet to participate in its "expeditions" without charge because they "offered validation and buzz." *See* John Branch and Christina Goldbaum, *A Rubik's Cube, Thick Socks and Giddy Anticipation: The Last Hours of the Titan*, THE NEW YORK TIMES, July 6, 2023, https://www.nytimes.com/2023/07/02/us/titan-submersible-passengers.html. OceanGate conferred the title of "co-pilot" on such luminaries, even if they had no role in steering or navigating the TITAN. *Id*. OceanGate conferred the title "Mission Specialist"

---

[4] Defendant Hydrospace apparently has not been served and no appearance has been entered on its behalf.

OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 8 -
2:24-cv-01223 LK

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

on even paying passengers, and preferred to refer to passengers as "crew" rather than "passengers" or "tourists." *Id*. An OceanGate brochure claimed that "Mission Specialists"—paid and unpaid passengers—"receive training in a variety of roles such as submersible navigation and piloting, tracking and communications, and submersible maintenance and operations." *Id*. Mr. Nargeolet's role on the TITAN as an unpaid passenger comped in exchange for "validation and buzz" falls far short of what is required to characterize someone as an *employee* for purposes of the Jones Act, even if he gave occasional talks or pointed out features on the *Titanic*. *See Dobrydnia v. Farwest Fisheries*, No. 95-35887, 1996 U.S. App. LEXIS 41173, at *4 (9th Cir. Oct. 25, 1996) (explaining that an employer-employee relationship "is determined by the totality of the circumstances and controlled by factors such as whose orders controlled the master and the crew, whose money paid their wages, who hired the crew, and who chose the route and ports"); *Cooper v. Vigor Marine, LLC*, No. 22-00275 HG-RT, 2023 U.S. Dist. LEXIS 124428, at *9 (D. Haw. July 19, 2023) ("For Jones Act cases, the degree of control exercised over the crew members including factors such as payment, direction, supervision, and source of the power to hire and fire generally determines the employer-employee relationship.") (citing *Glynn*, 57 F.3d at 1499-1500).

That Plaintiff has no basis for asserting that any of the defendants employed Mr. Nargeolet is underscored by Plaintiff's name-everyone-and-see-what-sticks approach of asserting a Jones Act claim indiscriminately against all of the defendants. *See, e.g.*, Complaint ¶ 7.4 ("At all times pertinent herein, Decedent Nargeolet was employed by one or more Defendants in the capacity of a member of the crew of the TITAN."). Under well-settled law, only one party can be held liable as the employer under the Jones Act; a plaintiff must establish the employer's identity. *See, e.g.*, *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 791 (1949) ("We have no doubt that, under the Jones Act, only one person, firm, or corporation can be sued as employer."); *Glynn*, 57 F.3d at 1500 (noting that "a plaintiff can hold only one employer liable under the Jones Act").

The Complaint's unsupported assertions of employment are insufficient to defeat removal. *See Johnson v. Bayer Corp.*, No. C01-2050R, 2002 U.S. Dist. LEXIS 30044, at *3-4 (W.D. Wash. Oct. 24, 2002) ("A plaintiff also cannot defeat removal by relying on conclusory allegations that

OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
2:24-cv-01223 LK

- 9 -

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

fails to state a cause of action."); *Williams v. Riverway Co.*, No. 05-710-WDS, 2005 U.S. Dist. LEXIS 32121, at *3-4 (S.D. Ill. Dec. 5, 2005) (dismissing the plaintiff's Jones Act claim and denying remand because the plaintiff could not rebut the defendant's evidence that it was not the plaintiff's employer); *Montero v. Van Nguyen*, No. 1:21-cv-354-TFM-N, 2022 U.S. Dist. LEXIS 31494 (S.D. Ala. Feb. 23, 2022) (denying the motion to remand because the plaintiff could not "establish he had a connection to the vessel that was substantial in nature and, therefore, would not be able to establish a cause of action under the Jones Act"); *see also, e.g.*, *Zimmerman v. PeaceHealth*, No. 3:22-cv-05960, 2023 U.S. Dist. LEXIS 201874, at *39 (W.D. Wash. Nov. 9, 2023) ("[I]n a case alleging the same claims against multiple defendants, there must be specific allegations explaining what each defendant allegedly did wrong, rather than general allegations asserted against them as a group."); *Smith v. NaphCare, Inc.*, No. 3:22-cv-05069-DGE, 2022 U.S. Dist. LEXIS 134450, at *13 (W.D. Wash. July 28, 2022) (dismissing claim where the complaint "impermissibly lumps all Defendants together and presents legal conclusions without factual support"); *Woodell v. Expedia Inc.*, No. C19-0051-JLR, 2019 U.S. Dist. LEXIS 121633, at *10 (W.D. Wash. July 22, 2019) ("General, conclusory allegations of wrong-doing that do not identify how each defendant purportedly engaged in the wrongful conduct and do not provide each defendant fair notice of the claims against them do not meet the Supreme Court's *Iqbal/Twombly* pleading standard."). Accordingly, Plaintiff's baseless pleading of Jones Act claims cannot defeat Janicki's proper removal of the case pursuant to 28 U.S.C. § 1441(b)(2).

(Even if the Court were to find that OceanGate employed Mr. Nargeolet on the fateful TITAN voyage—despite there being no support for such a finding in the Complaint and clear evidence to the contrary—the Jones Act claim against OceanGate should be severed and remanded, with the Court retaining jurisdiction over all other defendants. *See, e.g., Harrold v. Liberty Ins. Underwriters, Inc.*, Civ. No. 13-762-JJB-SCR, 2014 U.S. Dist. LEXIS 20897, *2 (M.D. La. Feb. 20, 2024) (denying motion to remand with respect to general maritime claims, but remanding Jones Act claim against employer). This is not a case in which the Court is asked to ignore joinder of non-diverse defendant in order to defeat diversity, as in *Arcon GC, LLC v. KCL*

OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND
2:24-cv-01223 LK

- 10 -

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Excavating, Inc.*, No. C23-1720JLR, 2024 U.S. Dist. LEXIS 6203 (W.D. Wash. Jan. 11, 2024), but rather the fraudulent assertion of *claims*—specifically, Jones Act claims, without any evidentiary support—in an effort to defeat removal.)

      **C.**    **Fees Under 28 U.S.C. § 1447(c) Are Not Warranted.**

Courts only award attorneys' fees pursuant to 28 U.S.C. § 1447(c) in unusual circumstances where the "removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Courts apply the "objectively reasonable standard by looking to the clarity of the law at the time of removal." *Id.* at 1066. "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id.* at 1065.

There is no basis for Plaintiff's contention that Janicki lacked an "objectively reasonable basis for removal." As set forth in detail above, the plain language of 28 U.S.C. § 1441(b)(2) permits removal where, as here, no forum-state defendant has been served. The majority of courts to consider the issue—including all three circuit courts that have addressed the issue—have held that snap removal is proper. Further, the law is clear that Plaintiff's threadbare assertions of employment are insufficient to state a Jones Act claim against Janicki or any defendant. *See Johnson*, 2002 U.S. Dist. LEXIS 30044, at *3-4. Accordingly, Plaintiff's request for fees should be denied. *See, e.g.*, *Brinton v. Vivint Inc.*, No. 3:23-cv-06105-TMC, 2024 U.S. Dist. LEXIS 140468, *10 (W.D. Wash. Aug. 7, 2024) (declining to award fees because snap removal as a basis for removal was not unreasonable); *Iraci v. Bradford*, No. 2:23-cv-0315-JAD-NJK, 2023 U.S. Dist. LEXIS 101568, at *8 (D. Nev. June 7, 2023) (declining to award fees "[b]ecause the divergent approaches to [snap removal] gave the defendants an objectively reasonable basis to take a shot at removal"). Consequently, there is no basis for an award of fees.

### III.   <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's Motion to Remand should be denied.

OPPOSITION TO PLANTIFF'S MOTION TO REMAND
2:24-cv-01223 LK — - 11 -

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Respectfully submitted this 30th day of September, 2024.

DORSEY & WHITNEY LLP

*/s/ Shawn Larsen-Bright*
Shawn Larsen-Bright WSBA #37066
larsen.bright.shawn@dorsey.com
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

*Attorney for Defendant Janicki Industries, Inc.*

I certify that this memorandum contains 4,082 words, in compliance with the Local Civil Rules.

OPPOSITION TO PLANTIFF'S
MOTION TO REMAND       - 12 -
2:24-cv-01223 LK

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

| | |
|---|---|
| Matthew D. Shaffer, WSBA #57271<br>SCHECHTER, SHAFFER&HARRIS, L.L.P.<br>3200 Travis St., 3rd Floor<br>Houston, TX 77006<br>Mshaffer@smslegal.com | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Christopher W. Nicoll, WSBA #20771<br>Shantrice D. Anderson, WSBA #51733<br>NICOLL BLACK & FEIG PLLC<br>1325 Fourth Avenue, Suite 1650<br>Seattle, Washington 98101<br>cnicoll@nicollblack.com<br>sanderson@nicollblack.com | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

*Attorneys for Plaintiff*

| | |
|---|---|
| William H. Beaver, WSBA #9205<br>Randall T. Thomsen, WSBA #25310<br>Ariel A. Martinez, WSBA #54869<br>Michelle Buhler, WSBA #16235<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>999 Third Avenue, Suite 4400<br>Seattle, WA 98104<br>bill.beaver@bclplaw.com<br>randall.thomsen@bclplaw.com<br>ariel.martinez@bclplaw.com<br>michelle.buhler@bclplaw.com | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

*Attorneys for Defendant OceanGate, Inc.*

| | |
|---|---|
| Steve W. Fogg, WSBA No. 23528<br>Kelly H. Sheridan, WSBA No. 44746<br>Mark T. Rutherford, WSBA No. 57519<br>Corr Cronin LLP<br>1015 Second Avenue, Floor 10<br>Seattle, WA 98104-1001<br>sfogg@corrcronin.com<br>ksheridan@corrcronin.com<br>mrutherford@corrcronin.com | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Thomas Lether, WSBA #18089<br>Sam Colito, WSBA #42529<br>Jensen Merrill, WSBA #57180<br>Lether Law Group<br>1848 Westlake Avenue N, Suite 100<br>Seattle, WA 98109<br>tlether@letherlaw.com | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

OPPOSITION TO PLANTIFF'S
MOTION TO REMAND        - 13 -
2:24-cv-01223 LK

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

scolito@letherlaw.com
jmerrill@letherlaw.com

**Attorneys for Defendant Electroimpact Inc.**

Robert M. Sulkin, WSBA #15425
Malaika M. Eaton, WSBA #32837
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101
rsulkin@mcnaul.com
meaton@mcnaul.com

☐ Via Messenger
☐ Via Facsimile
☐ Via U.S. Mail
☐ Via Electronic Mail
☒ Via ECF Notification

**Attorneys for Defendant The Estate of R. S. Rush III**

Dated this 30th day of September, 2024.

*/s/ Molly Price*
Molly Price, Legal Assistant

OPPOSITION TO PLANTIFF'S
MOTION TO REMAND                - 14 -
2:24-cv-01223 LK

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820