THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ORTOLI, as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet, Deceased<br><br>Plaintiff,<br><br>vs.<br><br>OCEANGATE INC., THE ESTATE OF R.S. RUSH III, TONY NISSEN, ELECTROIMPACT INC., JANICKI INDUSTRIES, INC., and HYDROSPACE GROUP, INC.<br><br>Defendants. | **CASE NO.**: **2:24-CV-01223-LK**<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**NOTE ON MOTION CALENDAR:**<br>**October 11, 2024** |

## I.   INTRODUCTION

This case involves *four out of five* defendants who are Washington residents (i.e., forum defendants) as well as a Jones Act claim pursuant to which the plaintiff elected to file suit in Washington state court, preventing removal to federal court. Nonetheless, forum defendant Janicki Industries, Inc. ("Janicki") contends that its pre-service "snap removal" was permissible and this matter should remain before this Court. Janicki is wrong.

Not a single case Janicki cites in favor of permitting "snap removal" is binding on this Court. Despite Janicki's string citations to various district court decisions allowing snap removal,

REPLY IN SUPPORT OF
MOTION TO REMAND– 1
CASE NO.: 2:24-cv-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Plaintiff's cases collect just as many that disallow it. The fact remains that this Court has expressly disapproved of "snap removal" and the Ninth Circuit has expressly disapproved of what it has termed "super snap removal." The law of snap removal is far from settled, and the authorities most relevant to this Court's decision disapprove of the procedure. Janicki's snap removal was improper.

Janicki's argument that Plaintiff's Jones Act claim is "fraudulently pleaded" fails as well. Janicki's position rises and falls on the question of whether decedent Nargeolet was "employed" within the meaning of the Jones Act. Plaintiff's pleading and case law clearly demonstrate that he was, and OceanGate's self-serving affidavit to the contrary does not satisfy the standard required to show fraudulent pleading and, moreover, should be disregarded entirely.

Finally, Janicki's request for a severance as to the Jones Act claim is unsupported, violates principles of judicial economy, and would be overly prejudicial to Plaintiff. It also should be denied.

Janicki has not carried its burden to show that removal was proper or that remand should not be ordered. This Court should remand this case to the King County Superior Court.

## II. ARGUMENT AND AUTHORITY

### A. Janicki Cites No Binding Authority That "Snap Removal" Is Proper Here

Janicki claims that 28 U.S.C. § 1441(b)(2) allows for the "snap removal" by a forum defendant based on the "plain meaning" of the statute and that the "weight of authority" agrees with this proposition. *See* Opp. at 2:12-19 (citing *Encompass Ins. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) and *Doe v. Daversa Partners*, No. 20-cv-3759 (BAH), 2021 U.S. Dist. LEXIS 35085, at *11 (D.D.C. Feb 25, 2021). This is an inaccurate summary of the state of the law and, moreover, is at odds with the law as applied in this District.

Snap removal is in fact a "controversial procedure" and hotly debated issue. *Breuer v. Weyerhaeuser NR Company*, No. 20-0479-JLR, 2020 U.S. Dist. LEXIS 131565 (W.D. Wash. July 24, 2020). Janicki acknowledges that only three of eleven circuit courts of appeal have even

REPLY IN SUPPORT OF
MOTION TO REMAND– 2
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

addressed the issue. (Opp. at 2:20-23.) One of them, the Third Circuit, in *Encompass*, recognized that district courts that have addressed pre-service removal are "split on the issue." *Encompass Ins. Co.*, 902 F.3d at 153 n.2 (collecting cases). Both *Encompass* and the Second Circuit court in *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 599 (2nd Cir. 2019), recognize that snap removal is at odds with the "general purposes of the removal statute," but conclude that the plain language of 28 U.S.C. § 1441(b)(2) does not prohibit the practice, principally because it is not completely absurd. *See Gibbons*, 919 F.3d at 606-607. And the Fifth Circuit decision in *Texas Brine* is limited to circumstances where the removing party is *not* a forum defendant (in contrast to Janicki here). *Texas Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020).

Notwithstanding Janicki's claims that the "weight of authority" is on the side of allowing snap removal, this Court has observed that a "majority of courts" have held that snap removal is untenable and unauthorized. *Pratt v. Alaska Airlines, Inc.*, No. 2:21-CV-84-DWC, 2021 U.S. Dist. LEXIS 91092 (W.D. Wash. May 12, 2021). Moreover, in *Pratt*, this Court found "the meaning of the text of Section 1441(b)(2) is clear and unambiguous" in that at least "one defendant must have been properly served before an out-of-state defendant" can remove an action. *Id.* at * 8. Between these two dueling interpretations of "plain meaning," the *Pratt* court's interpretation has the salutary benefit of being consistent with "the text, history and purpose" of the statute. *Id*.

In any event, none of the cases Janicki cites in support of snap removal are binding on this Court. This Court has previously ruled against snap removal in *Pratt* and questioned its legitimacy in *Breuer*. As pointed out in Plaintiff's opening brief, the Ninth Circuit has disapproved of the practice of "super snap removal" but has not expressly ruled on snap removal as a larger practice, but only because the question had not been squarely presented. *Casola v. Dexcom*, 98 F.4th 947, 950 n.1, 964 (9th Cir. 2024).

In short, the weight of authority binding on or persuasive to this court is *not* to permit snap removal, especially by a forum defendant such as Janicki. "Removal based on diversity

REPLY IN SUPPORT OF
MOTION TO REMAND– 3
CASE NO.: 2:24-cv-01223-LK

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Mkts, Inc.*, 456 F.3d 933, 940. The forum defendant clause is not meant to allow four forum resident defendants, as here, to choose their local federal venue in contravention to plaintiff's venue choice. Janicki's removal was improper and remand is required.

### B.   Plaintiff's Jones Act Claim is Viable and Not Fraudulently Pleaded

Janicki argues that Plaintiff's Jones Act claim has been fraudulently pleaded in order to prevent removal, and that Plaintiff "cannot assert a Jones Act claim against *any* of the defendants." Opp. at 7:3 – 8:5. That is false. Plaintiff has alleged *at minimum* a colorable Jones Act claim here against defendant OceanGate for the reasons detailed below. Janicki has not and cannot meet the extremely high standard of showing fraudulent joinder. And so long as Plaintiff's Jones Act claim is viable, it prevents removal of this case.

Defendants asserting that a claim has been fraudulently pleaded for purposes of improper joinder face an extraordinarily high bar. This is because defendants "may abuse the assertion of fraud in the hope of achieving a federal adjudication of the merits of a disputable Jones Act claim." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). In articulating the legal standard under which a defendant would be entitled to challenge a plaintiff's right to litigate a Jones Act claim in state court, the Fifth Circuit in *Lackey* went on to write:

> For that reason, "the mere assertion of fraud is not sufficient to warrant removing the case to federal court." *Yawn v. Southern Ry.*, 591 F.2d 312, 316 (5th Cir. 1979). Defendants *must prove* that the allegations of the complaint were fraudulently made, and any doubts should be resolved in favor of the plaintiff. *Id.* As in fraudulent joinder cases, defendants' burden of persuasion is a heavy one. The district court must resolve disputed questions of fact from the pleadings and affidavits in favor of plaintiff. *See B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). The removing party must show that there is *no possibility* the plaintiff would be able to establish a cause of action… "[J]urisdictional inquiry must not subsume substantive determination. *Id.* at 550.

*Lackey*, 990 F.2d at 207-208 (emphasis added).

To determine whether a viable Jones Act claim has been pled, the court should evaluate the plaintiff' allegations according to their facial plausibility. *See Braidwood v. Warn*, 2009 U.S.

REPLY IN SUPPORT OF
MOTION TO REMAND– 4
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Dist. LEXIS 138522 (W.D. Wash. Aug. 3, 2009). "Plaintiff need not offer evidence to support her claim at this stage; the Court must accept her factual allegations as true." *Id.* at *4.

Further, "an inapplicable legal theory is more than just an unsuccessful one … An action is not fraudulently pled simply because it has no merit; to be fraudulent, it must be 'baseless in law and in fact and serve only to frustrate federal jurisdiction.'" *Faarup v. W.W. Transp., Inc.*, Case No. 15-cv-114, 2015 U.S. Dist. LEXIS 94817, at *4 (S.D. Ill. July 21, 2015) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)). A claim "cannot be said *not* to arise under … the Jones Act … merely because it is found in the end not to be a meritorious claim." *Hammond v. Terminal R.R. Assn'n*, 848 F.2d 92, 98 (7th Cir. 1988).

Janicki's assertion of fraudulent pleading rests entirely on its assertion that Nargeolet was not employed by *any* Defendant. Contrary to Janicki's accusations, Plaintiff does not allege that Nargeolet was employed by Janicki. *See* Opp. at 8:8-9; *see generally* Complaint (no allegation of employment relationship with Janicki). Rather, Plaintiff alleges that Janicki (along with the other Defendants) participated in the "design, engineering and manufacturing of the TITAN," which later caused Nargeolet's death through its implosion. Complaint ¶ 5.62. It is unknown to Plaintiff at the present time the nature and extent of the relationships between the Defendants.

Plaintiff does, however, expressly allege that defendant OceanGate employed Nargeolet to serve as a crewmember aboard *Titan* for the purposes of its mission to the *Titanic*. Complaint ¶¶ 1.3. Nargeolet had unique expertise for the *Titan's* last voyage as he was known worldwide as "Mr. Titanic." Complaint ¶ 1.2. As the *Titan*'s mission was to dive to and explore the Titanic wreckage, hiring Nargeolet as a guide and navigator around that wreckage made perfect sense because "he, perhaps more than any other human being, best knew the position and layout of the *Titanic* on the ocean floor." Complaint ¶ 5.40. He was "uniquely qualified to guide a submersible (and its pilot) around the many potential dangers presented by the shipwreck, and to explain to persons of the submersible what any viewable portions of the *Titanic's* wreckage were." *Id.* These reasons "were precisely why OCEANGATE hired Decedent Nargeolet as a crew member aboard

REPLY IN SUPPORT OF
MOTION TO REMAND– 5
CASE NO.: 2:24-cv-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

the TITAN. Nargeolet's role was to act as a navigator near the *Titanic* based on his detailed knowledge of the site; to act as a guide … to collect scientific data … and similar tasks." Complaint ¶ 5.41.

Whatever the role of any other crewmember on board *Titan* was on the fateful day it imploded, Nargeolet was present on the *Titan* to serve as a navigator and guide in the service of *Titan*'s mission of diving to and exploring the *Titanic*. And that qualifies him as a seaman under one of the most fundamental tests of Jones Act status: that he "contribute to the function of the vessel or to the accomplishment of its mission." *McDermott International, Inc. v. Wilander*, 498 U.S. 337, 355 (1991). Indeed, although *Wilander* disposed of the requirement that a seaman aid in navigation, Nargeolet nonetheless performed that duty as well.

Janicki implies without explicitly stating that the real issue is that Nargeolet was not a traditional employee. Janicki's Opposition attaches affidavits from all four forum defendants "attesting" to the absence of an employment relationship with any of them. However, Janicki cites no case law that requires a W-2 or 1099 relationship to form the basis of a Jones Act claim, and it cannot, because the Jones Act in fact does not necessarily require such a relationship. The case of *BSA v. Graham*, 86 F.3d 861 (9th Cir. 1996), shows that. *BSA* involved an unpaid volunteer "mate" on an outing with Sea Explorers, "a nautical troop of boy scouts." *Id.* at 862. Plaintiff Graham was injured while attempting to secure a bowline. *Id.* On the trip, Graham was serving as a "mate" to the skipper of the vessel, who in fact had chosen Graham for that role. The Ninth Circuit reversed a grant of summary judgment, finding that Graham "contributed to the operation of the vessel," "engaged in navigation" and performing duties "furthering the mission of the vessel … in the words of the Supreme Court, 'doing the ship's work.'" *Id.* at 865. Even as a volunteer, Graham was allowed to bring a Jones Act claim.

"It is ordinarily for the trier of fact to determine whether someone who does not work for wages is a maritime worker covered by the Jones Act." *BSA*, 86 F.3d at 865. And *BSA v. Graham* is not the only case holding that temporary, unpaid workers may be entitled to Jones Act

REPLY IN SUPPORT OF
MOTION TO REMAND– 6
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

protections. *See Petition of Read*, 224 F. Supp. 241 (D.C. Fla. 1963) (holding that a volunteer participating in yacht race for pleasure, and promised no wage or salary, was a seaman under the Jones Act because he was performing normal crew services); *Heath v. American Sail Training Ass'n*, 644 F. Supp. 1459, 1468-1469 (D.R.I. 1986) (declining to find seaman status for plaintiff but noting that "an unpaid temporary crew person may indeed qualify as an employee for Jones Act purposes…wage payment is not a *sine qua non* for qualification as an employee.")

The facts that support Plaintiff's assertion of Jones Act claims against it were created by OceanGate's practices and, at the very least, it is hypocritical for OceanGate now to deny, by affidavit, Mr. Nargeolet's employment. *See* Declaration of Gordon Gardiner. OceanGate appears to have gone far out of its way to classify all persons, including paying customers, onboard the *Titan* in a manner explicitly designed to avoid characterizing them as "passengers." Testimony from the public hearing recently held by the U.S. Coast Guard's Marine Board of Investigation has shed light on OceanGate's deliberate strategy to designate persons onboard the submersible as "mission specialists" (instead of passengers) and to designate tasks for them to perform in aid of the Titan's operations. *See* Ben Brasch, *OceanGate Gave Passengers Jobs on Titan Sub to Skirt Regulations, Witness Says*, Washington Post, (September 25, 2024, 10:55 a.m. EDT), https://www.washingtonpost.com/nation/2024/09/25/oceangate-titan-submersible-mission-specialist/. This was done with the apparent intention to side-step Coast Guard safety regulations pertaining to passenger-carrying submersibles, including the requirements set forth in 46 CFR Parts 175-187 and 46 CFR Parts 24-26. *Id.* (noting OceanGate co-founder Guillermo Sohnlein testified that passenger vessels come within the most rules, which OceanGate was trying to avoid to stay profitable).

OceanGate cannot have its cake and eat it too, characterizing Mr. Nargeolet as a navigator and guide when it suits, and as a passenger when it does not. The persons onboard *Titan* are either crew (and therefore seamen, employed if only for the limited purpose of the *Titanic* mission), or "passengers." OceanGate should not be permitted to manipulate the legal system in the same way

REPLY IN SUPPORT OF
MOTION TO REMAND– 7
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

it attempted to manipulate the United States Coast Guard and other government agencies having potential jurisdiction over the safety of the TITAN.

But decedent Nargeolet, who did in fact aid in the vessel's mission as set forth above, was, in any event, compensated by OceanGate who gave him free passage in exchange for his services. While other crew members paid OceanGate $250,000 for the chance to be a part of the mission, Nargeolet did not. Janicki has no proof whatsoever that this was because Nargeolet was a "celebrity." *See* Opp. at 8:19-25. The far more reasonable explanation is that OceanGate desired his services for the mission – and, at minimum, that creates an issue of fact here.

A denial of remand is only proper if the Court determines that Plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995). As shown above, Plaintiff has far more than simply a colorable Jones Act claim.

### C. Severance of the Jones Act and/or Any Other Claims Here Is Unwarranted, Contrary to Judicial Economy and Potentially Prejudicial to Plaintiff.

Janicki asserts that in the event Plaintiff's Jones Act claim is viable rather than fraudulently pleaded, Plaintiff's Jones Act claim alone should be severed and remanded to the superior court.

In support Janicki cites a single district court case from the Middle District of Louisiana. *See* Opp. at 10:20-26; *Harrold v. Liberty Ins. Underwriters, Inc.*, 2014 U.S. Dist. LEXIS 20897. In reality, this is not a case citation at all, but rather a citation to a district court's adoption of a magistrate judge's recommendations to grant in part and deny in part a motion to remand, and severing and remanding a Jones Act claim. *Id.* The order is entirely devoid of any factual or legal discussion. *Id.* It is impossible to determine what the underlying facts were on which the magistrate recommended a severance, or why remand was not proper as to all claims. *Id.* It has absolutely no precedential value and offers no useful guidance.

REPLY IN SUPPORT OF
MOTION TO REMAND– 8
CASE NO.: 2:24-cv-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

More importantly, Janicki overlooks that severance and remand of the Jones Act claim is not an option for this case. Janicki removed Plaintiff's case to federal court pursuant to diversity jurisdiction under 28 U.S.C. §1332. *See* Notice of Removal, Doc. No. 1. Faced with the non-removability of Jones Act claims, Janicki proposes severing and remanding the Jones Act claim only while having the Court retain jurisdiction over all other Defendants. Opp. at pp. 10-11.

Under 28 U.S.C. §1441(c), when a civil action includes a claim arising under the laws of the United States within the meaning of § 1331, and a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made non-removable by statute, the district court must sever all non-removable claims and remand them to state court while retaining the federal question claims. However, when the basis of a federal district court's subject matter jurisdiction is diversity jurisdiction, the district court cannot engage in a partial remand. *See Willison v. Noble Drilling Expl. Co.*, 2022 U.S. Dist. LEXIS 25701 (E.D. La. Feb. 14, 2022)(concluding "piecemeal remand of certain claims" is permissible "only when removal jurisdiction is based upon [federal question jurisdiction under] § 1331"). Severance and partial remand is available only where the federal district court has original jurisdiction over the remaining claims. *See Unterberg v. Exxon Mobil Corp.*, 2014 U.S. Dist. LEXIS 94009 (D. Haw. July 10, 2014) (the prerequisites to the severance provision of 28 U.S.C. §1441(c) were not met when a Jones Act claim was joined with general maritime law claims).

While 28 U.S.C. §1441(c) provides a procedure by which actions including both a Jones Act claim and federal question claim may be removed, subject to severance and remand of the Jones Act claim, this statute applies only where the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. §1331. That is not the case here as removal was expressly based only on diversity jurisdiction. Plaintiff asserts claims against the various Defendants for wrongful death, negligence, vessel unseaworthiness, and products liability under the General Maritime Law and/or Washington state law. *See* Complaint. The Ninth Circuit has long held that general maritime claims are not removable absent an independent

REPLY IN SUPPORT OF
MOTION TO REMAND– 9
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

ground of federal subject matter jurisdiction, such as diversity jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001). "A number of district courts throughout the [Ninth] Circuit seem to agree that if a maritime law claim is not separate and independent from a Jones Act claim, the maritime claim must be remanded along with the Jones Act claim." *Leloff v. Ga.-Pacific Consumer Prods., Ltd.*, 2016 U.S. Dist. LEXIS 82375, *10 (D. Or. June 23, 2006) (citations omitted).

Severance should not be granted here for reason of judicial economy as well. All of Plaintiff's claims share a common nucleus of operative facts. Principles of judicial economy militate against similar claims involving those facts and these parties proceeding in two separate fora. Janicki offers *no reason* why severance is *preferable or necessary* here other than to allow Janicki to defend the claims against it in federal court in contravention to Plaintiff's forum choice. But Janicki offers no rationale for why a Plaintiff with a Jones Act claim should be forced to litigate in two fora simultaneously, on factually related claims, so that *local, forum resident Defendants* who managed to squeak out a removal before being served may litigate in federal court rather than in the state court in which they belong. They offer no justification because there is none. It is worth noting and ironic that the *only* defendant in this matter who may traditionally be entitled to the protections of the removal statute, Hydrospace, Inc., has not participated in Janicki's removal attempt (by affidavit or otherwise).

Janicki's request to sever the Jones Act claim should also be denied because it would unduly and unfairly prejudice Plaintiff. Remanding OceanGate and the Jones Act claim to state court, while allowing the remaining defendants to proceed in a separate federal proceeding, opens up the possibility that each set of defendants in each court would merely blame the "empty chair" that would otherwise be occupied by the absent defendants. Running two simultaneous litigations would also be significantly more expensive and subject the Plaintiffs to potential for inconsistent outcomes on common factual and legal questions. Janicki can articulate no reasoned basis why

REPLY IN SUPPORT OF
MOTION TO REMAND– 10
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

the Jones Act claims should be severed against the specter of that prejudice. Plaintiff is entitled to try his case against all Defendants, together, in state court.

**D.    An Award of Fees Is Justified Here**

Janicki engaged in a snap removal of this matter despite clear law in this District disapproving of snap removal. Further, Janicki has in connection with fighting remand has asserted that Plaintiff's Jones Act claim has been fraudulently pleaded when, in fact, it is undoubtedly viable. This Court should award fees as set forth in Plaintiff's Motion.

### III.    CONCLUSION

This Court has previously rejected the snap removal tactic employed by Janicki in removing this case to federal court, and Janicki has cited no binding authority on this Court allowing the procedure. The presence of four in-state defendants, including Janicki, triggers application of the forum defendant rule, which serves to bar removal on the basis of diversity jurisdiction. Further, because Plaintiff's Jones Act claim is colorable and well-pleaded, it serves as an additional bar to removal. For all of the above reasons, this case should be remanded to the King County Superior Court.

I certify that this Reply in Support of Motion for Remand contains 3,664 words.

DATED this 7th day of October, 2024.

SCHECHTER SHAFFER & HARRIS LLP

/s/ Matthew D. Shaffer
Matthew D. Shaffer, WSBA No. 57271
*Attorneys for Plaintiff*

NICOLL BLACK & FEIG PLLC

/s/ Christopher W. Nicoll
/s/ Shantrice D. Anderson
Christopher W. Nicoll, WSBA No. 20771
Shantrice D. Anderson, WSBA No. 51733
*Attorneys for Plaintiff*

REPLY IN SUPPORT OF
MOTION TO REMAND– 11
CASE NO.: 2:24-cv-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of the Court using the CM/CF system which will send notification of such filing to the following:

| | |
|---|---|
| Shawn Larsen-Bright<br>DORSEY & WHITNEY LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104<br>larsen.bright.shawn@dorsey.com<br>***Attorneys for Defendant Janicki Industries, Inc.*** | Robert M. Sulkin<br>Malaika M. Eaton<br>MCNAUL EBEL NAWROT & HELGREN PLLC<br>600 University Street, Suite 2700<br>Seattle, WA 98101-3134<br>T (206) 467-1816<br> F (206) 624-5128<br>rsulkin@mcnaul.com; mmeaton@mcnaul.com;<br>***Attorneys for Defendant The Estate of R.S. Rush III*** |
| Randall T. Thomsen<br>Ariel A. Martinez<br>Michelle Buhler<br>William H. Beaver , Jr.<br>BRYAN CAVE LEIGHTON PAISNER LLP (SEA)<br>999 Third Avenue<br>Ste 4400<br>Seattle, WA 98104<br>206-623-1700<br>Email: bill.beaver@bclplaw.com<br>Email: randall.thomsen@bclplaw.com<br>Email: ariel.martinez@bclplaw.com<br>Email: michelle.buhler@bclplaw.com<br>***Attorneys for Defendant OceanGate, Inc.*** | Steve W. Fogg<br>Kelly H. Sheridan<br>Mark T. Rutherford<br>CORR CRONIN LLP<br>1015 Second Ave<br>10th Fl<br>Seattle, WA 98104<br>206-625-8600<br>Fax: 206-625-0900<br>Email: ksheridan@corrcronin.com<br>***Attorneys for Electroimpact Inc.*** |
| Matthew Shaffer<br>Schecter, Shaffer & Harris, LLP<br>3200 Travis, 3rd Floor<br>Houston, TX 77006<br>(713) 524-3500 (office)<br>(713) 724-7142 (cell)<br>e-mail: mshaffer@smslegal.com<br>***Attorneys for Plaintiff*** | Thomas Lether, WSBA #18089<br>Sam Colito, WSBA #42529<br>Jensen Merrill, WSBA #57180<br>Lether Law Group<br>1848 Westlake Avenue N, Suite 100<br>Seattle, WA 98109<br>tlether@letherlaw.com<br>scolito@letherlaw.com<br>jmerrill@letherlaw.com<br>***Attorneys for Defendant Electroimpact Inc.*** |

REPLY IN SUPPORT OF
MOTION TO REMAND– 12
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

1. I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 7, 2024, at Seattle, Washington.

_____
Ian McDonald

REPLY IN SUPPORT OF
MOTION TO REMAND– 13
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555