Hon. Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD ORTOLI, as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet, Deceased,

      Plaintiff,

v.

OCEANGATE INC.; THE ESTATE OF R.S. RUSH III; TONY NISSEN; ELECTROIMPACT INC.; JANICKI INDUSTRIES, INC.; and HYDROSPACE GROUP, INC.,

      Defendants.

No. 2:24-cv-01223-LK

DEFENDANT THE ESTATE OF R. S. RUSH III'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER THE JONES ACT, 46 U.S.C. § 30104 ET SEQ., THE GENERAL MARITIME LAW, AND WASHINGTON STATE LAW

**NOTE ON MOTION CALENDAR:
November 27, 2024
Without Oral Argument**

DEF. ESTATE OF R. S. RUSH III'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (No. 2:24-cv-01223-LK)

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant, The Estate of R. S. Rush III ("Defendant"), respectfully requests that this Court dismiss the claims filed against it by Plaintiff Richard Ortoli as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet ("Plaintiff").  Plaintiff brings this suit on behalf of the Estate of Paul-Henri Louis Emile Nargeolet, who, along with Suleman Dawood, Shahzada Dawood, Hamish Harding, and Stockton Rush ("Rush") tragically died while on an expedition to explore the Titanic wreckage (the "Expedition"). Plaintiff names OCEANGATE INC. ("OceanGate" and the "Company" interchangeably), TONY NISSEN, ELECTROIMPACT INC., JANICKI INDUSTRIES, INC., and HYDROSPACE GROUP, INC., as additional defendants, asserting claims against each arising under the Jones Act, General Maritime Law, and Washington State Law.  As to Defendant, Plaintiff's claims fail as a matter of law for a couple of straightforward reasons.

- First, Plaintiff alleges Nargeolet was an OceanGate employee, not an employee of Rush, but the Jones Act does not apply in the absence of an employee-employer relationship, requiring dismissal of this claim as to Defendant.
- Second, the Death on the High Seas Act ("DOHSA") applies exclusively when a death on a vessel occurs on the high seas more than three nautical miles from the shore of the United States.  Because Nargeolet's death meets the standards required to trigger DOHSA, the General Maritime Law and state law claims are preempted and must be dismissed.

For these reasons, accepting the allegations of the complaint as true, Defendant respectfully requests that the Court dismiss all claims against Defendant.

Pursuant to the Court's Standing Order For All Cases (Dkt. 17), Defendant certifies that counsel for the parties met and conferred regarding this motion on October 30, 2024.  *Id.* 17-1 at 4G.

DEF. ESTATE OF R. S. RUSH III'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (No. 2:24-cv-01223-LK) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## II. FACTUAL SUMMARY

### A. Stockton Rush and OceanGate

On June 18, 2023, Paul-Henri Louis Emile Nargeolet ("Nargeolet"), Suleman Dawood, Shahzada Dawood, Hamish Harding, and Stockton Rush tragically lost their lives as they embarked on the Expedition to explore the Titanic wreck. The world shared in the profound grief felt by their friends and families. Without diminishing the impact on the families involved, Defendant respectfully requests the Court dismiss all claims against Defendant.

For purposes of this Motion to Dismiss, Defendant accepts the following allegations in the Complaint as true. Decedent Nargeolet was an employee of OceanGate, a deep-sea diving and submersible company. Dkt. 1-1 ("Complaint") 1.3. Before the Expedition, Nargeolet signed a Waiver. *Id.* 5.53. On June 18, 2023, Nargeolet died on a vessel more than three nautical miles from the shore of the United States. *Id.* 6.4.

## III. AUTHORITY AND ARGUMENT

### A. Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In order to "survive a Rule 12(b)(6) motion to dismiss, a 'plaintiff must allege enough facts to state a claim to relief that is plausible on its face.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (citations omitted). While the court "must take all allegations of material fact as true . . . '[c]onclusory allegations of law and unwarranted inferences . . . are insufficient to avoid' dismissal." *Id*. "Legal conclusions may provide a framework for a complaint, but 'they must be supported by factual allegations.'" *Id*. Unsupported conclusions "are not entitled to the assumption of truth." *Id*. Furthermore, in evaluating a Rule 12(b)(6) motion, the Court can "consider documents referenced extensively in the complaint" and "documents that form the basis of plaintiff's claims[.]" *Concept Dorssers v. Pac. Nw.*

DEF. ESTATE OF R. S. RUSH III'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (No. 2:24-cv-01223-LK) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

*Title Ins. Co.*, No. C09-1692-RSL, 2010 WL 1141462, at *1 (W.D. Wash. Mar. 19, 2010).

## B. The Jones Act and DOHSA

"Congress has provided only two federal remedies to heirs of seamen who die on the high seas: DOHSA and the Jones Act." *In re Anderson*, 847 F. Supp. 2d 1263, 1270 (W.D. Wash. 2012) (*citing Davis v. Bender Shipbuilding & Repair Co., Inc.*, 27 F.3d 426, 428 n.1 (9th Cir. 1994)); *see Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 124, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998); *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1123 (9th Cir. 2010). "[B]oth DOHSA and the Jones Act represent a manifestation of Congress' intent to create uniformity in admiralty jurisdiction by legislation." *Davis*, 27 F.3d at 429 (*citing Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 401, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970)). Taken together, DOHSA and the Jones Act preempt all survival claims arising under General Maritime Law and state law. *In re Anderson* 847 F. Supp. 2d at 1270.

### 1. The Jones Act

The Jones Act grants a seaman injured in the course of his or her employment, or in the case of a seaman's death, the personal representative of the seaman, a cause of action against his or her employer. 46 U.S.C. § 30104; *see Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 790-91, 69 S. Ct. 1317, 93 L. Ed. 1692 (1949); *In re Anderson*, 847 F. Supp. 2d at 1270. Recovery under the Jones Act requires showing that (1) the plaintiff was a "seaman" and (2) an employee-employer relationship existed between the seaman and the Jones Act defendant. 46 U.S.C. § 30104.

To qualify as a "seaman," the individual must have an "employment-related connection to a vessel in navigation." *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 355, 111 S. Ct. 807, 112 L. Ed. 2d 866 (1991). To determine whether a connection to a vessel exists, "the worker's duties must contribute to the function of the vessel or to the accomplishment of its mission, and the worker must have a connection to a vessel in

DEF. ESTATE OF R. S. RUSH III'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (No. 2:24-cv-01223-LK) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

navigation (or an identifiable group of vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 370, 115 S. Ct. 2172, 132 L. Ed. 2d 314 (1995). Generally speaking, "a worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Id*. at 371.

The seaman must also prove the existence of an employee-employer relationship with the particular Jones Act defendant. *Cosmopolitan*, 337 U.S. at 790-91. "Only one person, firm, or corporation can be sued as employer." *Id*. at 791. A Jones Act employer is liable for "injuries negligently inflicted on its employees by its officers, agents, or employees." *Hopson v. Texaco, Inc.*, 383 U.S. 262, 263, 86 S. Ct. 765, 15 L. Ed. 2d 740 (1966).

Plaintiff repeatedly alleges that OceanGate was Nargeolet's employer. In the Complaint, after detailing Nargeolet's professional background, Plaintiff states that in addition to Nargeolet's role as the director of underwater research at RMS Titanic, he "was also an employee of Defendant OCEANGATE INC." Complaint 1.2-1.3. Plaintiff then recounts Nargeolet's deep knowledge of the Titanic wreck, explaining that "[t]hese reasons are precisely why OCEANGATE hired Decedent Nargeolet as a crew member aboard TITAN." *Id.* 5.41. In Plaintiff's Reply in Support of Motion to Remand, Plaintiff is unequivocal—"Plaintiff does, however, expressly allege that defendant OceanGate employed Nargeolet to serve as a crewmember aboard *Titan* for the purposes of its mission to the *Titanic*." Dkt. 25 at 5.

Plaintiff can allege Jones Act claims against only "one person, firm, or corporation." *Cosmopolitan*, 337 U.S. at 790-91. Plaintiff alleges that Nargeolet was "an employee of Defendant OCEANGATE INC." Complaint 1.3. Thus, Plaintiff may only sue OceanGate—Nargeolet's alleged Jones Act employer—for claims arising under the Jones Act. Further, as the alleged Jones Act employer, OceanGate is liable for its

DEF. ESTATE OF R. S. RUSH III'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (No. 2:24-cv-01223-LK) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

employees' negligence. *Hopson*, 383 U.S. at 263. As Plaintiff also alleges, "Rush was the… acting Chief Executive Officer of Defendant OCEANGATE INC. until his death on or about June 18, 2023." Complaint 5.7. As Rush's employer, OceanGate is liable for Rush's alleged negligence. *Hopson*, 383 U.S. at 263. Since Plaintiff can sue only one employer under the Jones Act, including for the alleged negligence of the employer's employees, and as Plaintiff alleges that the relevant employer was OceanGate, the Court must dismiss all Jones Act claims against Defendant.

### 2. DOHSA Preempts Washington State law and General Maritime Law

DOHSA applies when an individual dies "by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States." 46 U.S.C. § 30302. When such death occurs, "the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible." *In re Anderson*, 847 F. Supp. at 1270. "When DOHSA applies, it applies exclusively, preempting all claims for death on the high seas other than the Jones Act." *Id*. (internal quotation omitted). That is, DOHSA preempts state wrongful death remedies and wrongful death actions for negligence or unseaworthiness under general maritime law. *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S. Ct. 2010, 56 L. Ed. 2d 581 (1978).

Nargeolet died on board the Titan "in navigable waters of the North Atlantic Ocean, off the coast of Newfoundland, Canada and beyond three nautical miles from the shore of the United States." Complaint 6.4. Therefore, DOHSA applies and preempts Plaintiff's claims under General Maritime Law and Washington State Law. *Helman v. Alcoa Glob. Fasteners, Inc.*, 637 F.3d 986, 988-89 (9th Cir. 2011) (granting appellant's

DEF. ESTATE OF R. S. RUSH III'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (No. 2:24-cv-01223-LK) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

12(b)(6) motion based on DOHSA preemption).[1]  Since DOHSA applies, the Court must dismiss all claims brought under General Maritime Law and Washington State Law.[2]

### IV.  CONCLUSION

Based on the foregoing, Defendant The Estate of R. S. Rush III respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint, with prejudice.

\* \* \*

The undersigned certifies that this motion contains 1,690 words, in compliance with the Local Civil Rules.

DATED this 9th day of October, 2024.

        McNAUL EBEL NAWROT & HELGREN PLLC

        By: s/Robert M. Sulkin
            Robert M. Sulkin, WSBA No. 15425
            Malaika M. Eaton, WSBA No. 32837

        600 University Street, Suite 2700
        Seattle, Washington 98101
        (206) 467-1816
        rsulkin@mcnaul.com
        meaton@mcnaul.com

        Attorneys for Defendant The Estate of R. S. Rush III

---

[1] Additionally, Plaintiff's Washington state law claims must be dismissed as they are time-barred by the four-month statute of limitations for filing claims against a decedent's estate under RCW 11.40.051.

[2] Prior to the Expedition, Nargeolet signed a "Release of Liability, Assumption of Risk, Indemnification Agreement for Potentially Hazardous Activity" releasing all claims by Plaintiff for causes of action arising out of the Expedition.  Complaint 5.53.  Thus, even if Plaintiff could assert claims against Defendant for Nargeolet's death—and he cannot—Nargeolet released those claims and agreed to jurisdiction elsewhere.

DEF. ESTATE OF R. S. RUSH III'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (No. 2:24-cv-01223-LK) – Page 6

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

DEF. ESTATE OF R. S. RUSH III'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (No. 2:24-cv-01223-LK) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816