THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ORTOLI, as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet, Deceased<br><br>Plaintiff,<br><br>vs.<br><br>OCEANGATE INC., THE ESTATE OF R.S. RUSH III, TONY NISSEN, ELECTROIMPACT INC., JANICKI INDUSTRIES, INC., and HYDROSPACE GROUP, INC.<br><br>Defendants, | **CASE NO**.: **2:24-CV-01223-LK**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT THE ESTATE OF R.S. RUSH III'S MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 27, 2024**<br>**Without Oral Argument** |

## I.     INTRODUCTION

Defendant The Estate of R.S. Rush III ("Rush Estate") seeks dismissal of Plaintiff Paul-Henri Nargeolet's claims against it on two grounds. First, the Rush Estate argues that Plaintiff's Jones Act claim does not apply to it because Plaintiff alleges that OceanGate Inc., rather than Richard Stockton Rush III ("Rush"), was his employer. Second, the Rush Estate contends that the Death on the High Seas Act ("DOHSA") applies and preempts all of Plaintiff's other claims.

The Rush Estate's motion to dismiss (Dkt. # 26) ("Motion") must be denied. First, the Motion is premature and cannot be decided while Plaintiff's motion to remand remains pending. This Court has not determined whether it has subject-matter jurisdiction over this case; any ruling

OPP. TO RUSH'S MOTION TO DISMISS– 1
CASE NO.: 2:24-cv-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

on the Motion is only proper *if* the Court *does* exercise jurisdiction here. Second, Plaintiff separately seeks leave to amend the Complaint in order to add a DOHSA claim. While any amendment is premature prior to this Court's determination of jurisdiction, the pleading of a DOHSA claim would moot much of the Motion. Third, the Rush Estate's Jones Act contentions overly simplify a more complicated question that cannot be resolved at the pleading stage. It simply cannot be determined as a matter of law, on the pleadings, that Plaintiff's Jones Act claim *cannot* be viable against the Rush Estate. On the contrary, the Complaint here far exceeds the minimal pleading standard to survive a Rule 12(b)(6) challenge under *Twombly* and *Iqbal*, and its detailed factual allegations, at minimum, allow for a plausible inference that Rush, in exercising absolute control over OceanGate, may be liable to Plaintiff under the Jones Act.

Plaintiff respectfully requests that the Court deny the Motion as premature or that it address the Motion only after the Court rules on Plaintiff's motion to remand. In the event that the Court exercises jurisdiction over this matter, Plaintiff will request that the Court grant Plaintiff leave to amend to add a claim under DOHSA and deny the Motion as moot. Finally, to the extent that the Court grants any part of the Motion, Plaintiff requests leave to amend to remedy any pleading deficiencies found by the Court.

## II.     RELEVANT PLEADED FACTS

Richard Stockton Rush III ("Rush") was the founder of defendant OceanGate. Complaint (Dkt. #1) at ¶¶ 1.4, 5.7.[1] Rush, OceanGate and the other defendants designed, constructed and operated *Titan*, a submersible built for the purpose of repeatedly voyaging to the *Titanic*. ¶¶ 1.3, 5.8. *Titan*'s design and construction were outside the norms of the diving community and industry, driven by Rush's obsession with "innovation" and being a "disrupter." ¶¶ 1.4, 5.9. Rush flaunted convention and the rules of the submersible industry. ¶ 5.10.

Rush directed that *Titan* be constructed out of carbon fiber rather than the industry-standard titanium. ¶¶ 5.13-5.14. Carbon fiber breaks down over time under pressure. ¶¶ 5.14.

---

[1] All further paragraph references are to the Complaint (Dkt. #1).

OPP. TO RUSH'S MOTION TO DISMISS– 2
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Rush conceived of and installed on *Titan* an "acoustic safety system" to attempt to detect signs of excessive stress on *Titan*'s carbon fiber hull. ¶ 5.15. Rush ignored warnings from others regarding *Titan*'s design, refused to address issues raised in safety reports, and terminated an employee, David Lochridge, who raised safety concerns. ¶¶ 5.27-5.31. Rush decided not to seek certification of *Titan*, again in contravention of industry norms. ¶¶ 5.37-5.38. In short, the Complaint pleads that Rush founded OceanGate and made every decision on how OceanGate proceeded with *Titan*.[2]

Plaintiff Nargeolet was a legend within the deep-sea diving community and an employee of OceanGate who served as a crewmember aboard the *Titan*. ¶¶ 1.3, 5.39-5.41. Plaintiff's job on *Titan* was to guide other crewmembers and assist with navigation through the *Titanic*'s wreckage. *Id.* Rush hired Nargeolet and falsely assured him in various ways that *Titan* was seaworthy. ¶¶ 5.41-5.49. Plaintiff died when the *Titan* suffered a catastrophic implosion while diving to the *Titanic* on June 18, 2023. ¶¶ 5.54-5.55, 5.61.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint should give a defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Its factual allegations need not be "detailed" but rather must only "be enough to raise a right to relief above the speculative level." *Id.* at 555. A claim is sufficiently well-pleaded to withstand a Rule 12(b)(6) motion to dismiss when the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial

---

[2] Although a Rule 12(b)(6) motion is addressed only to the pleadings, it is worth noting that recent testimony before a recent U.S. Coast Guard Marine Board of Investigation (conducted after the filing of the complaint in this matter) disclosed even more ways in which Rush and OceanGate were "one and the same." Rush essentially ran every aspect of OceanGate himself, making every significant decision or exercising a veto on the decisions of others with whom he disagreed.

OPP. TO RUSH'S MOTION TO DISMISS– 3
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When assessing the adequacy of a complaint, the court must "accept all factual allegations as true and view them in the light most favorable to the plaintiff." *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022) (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Dismissal is proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro*, 250 F.3d at 732.

### IV.    ARGUMENT AND AUTHORITY

The Rush Estate's Motion is premature and cannot be decided until this Court decides Plaintiff's pending motion to remand. Moreover, as Plaintiff separately seeks leave to amend to plead a claim under DOHSA (should this Court exercise jurisdiction), much of the Motion will be mooted. The Rush Estate's contention that Rush cannot be liable under the Jones Act as Nargeolet's employer involves numerous mixed questions of law and fact and cannot be resolved at the pleading stage. Regardless, the Complaint pleads sufficient facts to state a plausible claim that Rush may be liable as Nargeolet's employer. Finally, to the extent the Court identifies any pleading defects in the Complaint, leave should be granted to amend in light of new facts available in the public record.

**A.    The Rush Estate's Motion is Premature**

Plaintiff filed a motion to remand this action on September 9, 2024, which remains pending. Motion to Remand (Dkt. #14). Because this Court's subject-matter jurisdiction has not yet been established, *any* rulings on any further matters or motions in this case are premature. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1869)). In *Citizens for a Better Environment,* the Supreme Court found the question of jurisdiction to be

OPP. TO RUSH'S MOTION TO DISMISS– 4
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

"foundational" to any further proceeding in any case, and explicitly disapproved of the practice of "assuming jurisdiction" for the purposes of deciding a merits-based motion. *See Citizens for Better Env't*, 523 U.S. at 93-95.

If this Court does not have jurisdiction over this matter, then any motion to dismiss (including Rush's) should be decided by a Washington state court. This Court's ruling on Plaintiff's motion to remand is a necessary prerequisite to any merits determination or, for that matter, procedural issues including a request for leave to amend that Plaintiff seeks separately *in the event* that this case remains before this Court. *See infra* section IV(B).

**B.  Plaintiff Separately Seeks Leave to Amend to Add a Claim Under DOHSA, Which Will Largely Moot the Motion**

Plaintiff intends to amend his complaint to add a claim under DOHSA and will seek leave (separately from this Opposition) to file an amended complaint in the event the Court does not grant Plaintiff's motion to remand. As explained above, it is Plaintiff's position that any motion practice or further activity in this case is premature until the Court's jurisdiction is determined.

Inclusion of a DOHSA claim in the Complaint entirely moots one of the two bases cited by the Rush Estate for the dismissal of claims against it. *See* Motion (Dkt. # 26) at 1:14-21. Moreover, the Motion does not argue that a claim under DOHSA cannot lie against the Rush Estate (just as the Rush Estate's only grounds for dismissal of state-law or general maritime claims is DOHSA preemption rather than an inadequately pleaded factual basis). As Plaintiff intends to amend his complaint and moot the Rush Estate's second ground for dismissal, ruling on the Motion at present is unnecessary.

**C.  Plaintiff's Jones Act Claims May Proceed Alongside a DOHSA Claim**

Plaintiff does not concede, however, that DOHSA applies to the exclusion of all other claims here. In particular, it is well-settled law that a Jones Act wrongful death claim can be pursued concurrently with a claim under DOHSA. *See Doyle v. Albatross Tanker Corp.,* 260 F. Supp. 303 (S.D.N.Y. 1965), *affirmed* 367 F.2d. 465 (2d. Cir. 1965); *Peace v. Fidalgo Island*

OPP. TO RUSH'S MOTION TO DISMISS– 5
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

*Packing Co.*, 419 F.2d 371, 371-372 (9th Cir. 1969) (finding right to jury trial in case involving concurrent Jones Act and DOHSA claims).

In fact, claims under the Jones Act and claims under DOHSA are complementary, not mutually exclusive. In *Gillespie v. United States Steel Corp.*, 379 U.S. 148 (1964), the Supreme Court held that the Jones Act provides a negligence remedy only. DOHSA, on the other hand, provides the exclusive death remedy for unseaworthiness when a seaman is killed more than three miles offshore. *See Bodden v. Am. Offshore, Inc.*, 681 F.2d 319 (5th Cir. 1982). Thus, the Jones Act provides a negligence remedy and DOHSA provides a remedy for unseaworthiness that would otherwise be available under the General Maritime Law. Indeed, "Congress passed DOHSA and the Jones Act in the same year in order to provide parallel remedies for the damages a death caused to the seaman's family and to the estate." *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1125 (9th Cir. 2010). It is "evident that Congress intended DOHSA and the Jones Act to work together." *Id.* There is no preemption or exclusion of Plaintiff's Jones Act claim here.

As explained below, it is plausible (under *Twombly*) that the Rush Estate could be liable on Plaintiff's Jones Act claims.

**D.   Whether Rush (and the Rush Estate) Is Liable Under the Jones Act Cannot Yet Be Determined**

The Rush Estate contends that Rush cannot be liable on Plaintiff's Jones Act claim because Plaintiff was "not an employee of Rush." Motion (Dkt. # 26) at 1:14-17. Determination of employer-employee status under the Jones Act is a fact-intensive exercise and, here, is particularly complicated due to the identity between Rush and his company OceanGate. It is not suitable for resolution on a Rule 12(b)(6) motion to dismiss.

There "is no settled set of criteria for determining whether a Jones Act employment relationship exists." *Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495, 1499 (9th Cir. 1995). Supreme Court precedent indicates "that one must look at the venture as a whole. Whose orders controlled the master and the crew? Whose money paid their wages? Who hired the crew? Whose

OPP. TO RUSH'S MOTION TO DISMISS– 6
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

initiative and judgment chose the route and the ports?" *Id.* (quoting *Cosmopolitan Co. v. McAllister*, 337 U.S. 783, 795 (1949)); *see also Heath v. Am. Sail Training Ass'n*, 644 F. Supp. 1459 (D.R.I. 1986) (payment of wages is not a necessary qualification). In addition, courts look at "the degree of control exercised over the crew member and looks to factors such as payment, direction, supervision, and source of the power to hire and fire." *Id.* (citing *Matute v. Lloyd Bermuda Lines, Ltd.*, 931 F.2d 231, 236 (3d Cir. 1991), cert. denied, 502 U.S. 919 (1991)). In short, determination of an employment relationship for seaman status is a fact-intensive exercise. As pleaded in the Complaint, Rush would have made most or all of the decisions specified in the various criteria used by courts to evaluate an employment relationship. *See supra* section II.

The Rush Estate states that Plaintiff, as a seaman, "must also prove the existence of an employee-employer relationship with the particular Jones Act defendant" and that "only one person, firm, or corporation can be sued as employer." Motion at 4:6-8 (quoting *Cosmopolitan*, 337 U.S. at 791). The Rush Estate, however, goes on to contend that Plaintiff "can ***allege*** Jones Act claims against only 'one person, firm, or corporation." Motion (Dkt. #26) at 4:22-24 (again quoting *Cosmopolitan*) (emphasis added). The Rush Estate attempts to substitute *allege* for *prove* here, and that is where the Rush Estate is wrong.

It is beyond question that Plaintiff will have to *prove* an employer-employee relationship in order to prevail on his Jones Act claim. But plenty of cases *allege* Jones Act claims against multiple employers due to the fact that the employment relationship can be difficult to determine and often requires extensive fact discovery. *See Glynn*, 57 F.3d 1495 (three defendants sued as potential employers); *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452-453 (5th Cir. 1980) (employment relationship may be with vessel owner or "some other employer who assigns the worker to a task creating a vessel connection" and noting that it "may also be possible for a seaman to have more than one Jones Act employer.")

In the same way, courts interpret the Supreme Court's phrase in *Cosmopolitan* that only one employer may be "sued" to mean that only one employer may ultimately be *liable* on a Jones

OPP. TO RUSH'S MOTION TO DISMISS– 7
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Act claim. *See Glynn*, 57 F.3d at 1500 ("Of the relatively few courts since *Cosmopolitan* to consider the issue, most have interpreted this language to mean that a plaintiff can hold only one employer liable under the Jones Act") (citing *Savard v. Marine Contracting Inc.*, 471 F.2d 536, 541 (2d Cir. 1972), cert. denied, 412 U.S. 943 (1973), and other cases).

*Which* potential employer is liable is a question of fact and requires discovery to answer. As Plaintiff pointed out in his reply brief in support of remand, it is "unknown to Plaintiff at the present time the nature and extent of the relationships between the Defendants." Reply Brief in Support of Motion to Remand (Dkt. # 19) at 5. The determination of seaman status is "ordinarily for the trier of fact to determine." *BSA v. Graham*, 86 F.3d 861, 865 (9th Cir. 1996). And further, a claim "cannot be said *not* to arise under … the Jones Act …merely because it is found in the end not to be a meritorious claim." *Hammond v. Terminal R.R. Ass'n*, 848 F.2d 92, 98 (7th Cir. 1988). What is required at this juncture, again, is that a claim be *plausible* under the facts alleged in the Complaint, not that it be *probable*. *Twombly*, 550 U.S. at 556 ("plausible grounds" does not "impose a probability requirement at the pleading stage").

Here, Plaintiff has alleged that Rush was the founder of OceanGate and exercised an extraordinary amount of control over every aspect of OceanGate's operations, including questions of hiring and firing. *See supra* section II. It bears noting here that in connection with Plaintiff's Motion to Remand, OceanGate denied that it was Plaintiff's employer. *See* Declaration of Gordon Gardinier in Support of Janicki Industries, Inc.'s Opposition to Plaintiff's Motion to Remand (Dkt. # 22). The Complaint nevertheless alleges that Plaintiff was hired to do specific jobs in the service of *Titan*'s mission. *Some defendant hired him to do so*. OceanGate and the Rush Estate cannot procure a dismissal prior to fact discovery by pointing their fingers away from themselves and towards each other.

Further, as alleged in the Complaint, all of OceanGate's major decisions with regard to Nargeolet's hiring, as well as the design and construction of *Titan*, were made by Rush. *See supra* section II. Indeed, Rush's control over OceanGate appears to have been so total that the Rush

OPP. TO RUSH'S MOTION TO DISMISS– 8
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

Estate may be liable to Plaintiff on his Jones Act claim based on a veil-piercing or alter ego theory.[3] Courts in the Ninth Circuit "apply the law of the forum state in determining whether a corporation is an alter ego" of another party. *Towe Antique Ford Found. v. Internal Revenue Serv.*, 999 F.2d 1387, 1391 (9th Cir. 1993) (citing *Wolfe v. United States*, 806 F.2d 1410, 1411 n. 3 (9th Cir. 1986)). Washington recognizes the "alter ego" doctrine, "providing where one entity 'so dominates and controls a corporation that such corporation is [the entity's] alter ego, a court is justified in piercing the veil of corporate entity and holding that the corporation and private person are one and the same." *In re Rapid Settlements, Ltd.'s Application for Approval of Transfer of Structured Settlement Payment Rts.*, 166 Wn. App. 683, 692, 271 P.3d 925, 930 (2012) (citing *Standard Fire Ins. Co. v. Blakeslee*, 54 Wn. App. 1, 5, 771 P.2d 1172 (1989)). In such a case, the result "is that if the corporation is found liable or subject to the jurisdiction of the court, the owner is likewise subject to liability." *Rapid Settlements,* 166 Wn. App. at 692, 271 P.3d at 930.

The Complaint alleges sufficient facts to plausibly infer that Rush "so dominated and controlled" OceanGate that OceanGate was Rush's alter ego. On a Rule 12(b)(6) motion to dismiss, the relevant standard is plausibility rather than probability. Therefore, on numerous grounds, including an actual Jones Act employment relationship or an identity with a Jones Act employer so total as to permit Plaintiff to pierce OceanGate's corporate veil, Plaintiff has a plausible claim against Rush (*i.e.*, the Rush Estate) under the Jones Act. The Rush Estate's motion to dismiss Plaintiff's Jones Act claim accordingly must be denied.

### E.   At Minimum, The Court Should Grant Leave to Amend

The Supreme Court observed in *Twombly* that the purpose of Rule 12(b)(6) motions to dismiss is to eliminate non-meritorious cases prior to the expense incurred in discovery. *Twombly*, 550 U.S. at 556 ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.") Plaintiff

---

[3] As stated in footnote 2 above, a substantial amount of new supporting information has come to light in this regard as a result of the Coast Guard's Marine Board Investigation hearings.

OPP. TO RUSH'S MOTION TO DISMISS– 9
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

submits that it is essentially impossible to review the Complaint's allegations and not conclude that Plaintiff has, at minimum, raised plausible grounds for Rush's liability on numerous legal theories. If the Court exercises jurisdiction here, this case should proceed to discovery in order to resolve, among other questions, any uncertainty concerning the identity of Nargeolet's employer and his status under the Jones Act.

However, in the event the Court grants any part or all of the Motion, leave to amend should be granted. "When a complaint is dismissed for failure to state a claim, 'leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Gremp v. Ramsey*, No. C08-558RSM, 2009 WL 112674, at *3 (W.D. Wash. Jan. 14, 2009) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co*.,806 F.2d 1393, 1401 (9th Cir. 1986)).

## V.    CONCLUSION

For all of the above reasons, Defendant The Estate of R.S. Rush's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

I certify that this memorandum contains 3316 words, in compliance with the Local Civil Rules.

DATED this 13th day of November, 2024.

| SCHECHTER SHAFFER & HARRIS LLP | NICOLL BLACK & FEIG PLLC |
|---|---|
| /s/ Matthew D. Shaffer | /s/ Christopher W. Nicoll |
| Matthew D. Shaffer, WSBA No. 57271 | /s/ Shantrice D. Anderson |
| *Attorneys for Plaintiff* | Christopher W. Nicoll, WSBA No. 20771 |
| | Shantrice D. Anderson, WSBA No. 51733 |
| | *Attorneys for Plaintiff* |

OPP. TO RUSH'S MOTION TO DISMISS– 10
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of the Court using the CM/CF system which will send notification of such filing to the following:

Shawn Larsen-Bright
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
larsen.bright.shawn@dorsey.com

B. Otis Felder, Esq.
Conor F. McCauley, Esq
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
520 Pike Street, Suite 2350
Seattle, WA 98101
Telephone: 206-709-5900
Facsimile: 206-709-5901
Otis.Felder@wilsonelser.com
Conor.McCauley@wilsonelser.com
*Attorneys for Defendant Janicki Industries, Inc.*

Randall T. Thomsen
Ariel A. Martinez
Michelle Buhler
William H. Beaver , Jr.
BRYAN CAVE LEIGHTON PAISNER LLP (SEA)
999 Third Avenue
Ste 4400
Seattle, WA 98104
206-623-1700
Email: bill.beaver@bclplaw.com
Email: randall.thomsen@bclplaw.com
Email: ariel.martinez@bclplaw.com
Email: michelle.buhler@bclplaw.com
*Attorneys for Defendant OceanGate, Inc.*

Robert M. Sulkin
Malaika M. Eaton
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, WA 98101-3134
T (206) 467-1816
 F (206) 624-5128
rsulkin@mcnaul.com; mmeaton@mcnaul.com;
*Attorneys for Defendant The Estate of R.S. Rush III*

Steve W. Fogg
Kelly H. Sheridan
Mark T. Rutherford
CORR CRONIN LLP
1015 Second Ave
10th Fl
Seattle, WA 98104
206-625-8600
Fax: 206-625-0900
Email: ksheridan@corrcronin.com
*Attorneys for Electroimpact Inc.*

OPP. TO RUSH'S MOTION TO DISMISS– 11
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

| | |
|---|---|
| Matthew Shaffer<br>Schecter, Shaffer & Harris, LLP<br>3200 Travis, 3rd Floor<br>Houston, TX 77006<br>(713) 524-3500 (office)<br>(713) 724-7142 (cell)<br>e-mail: mshaffer@smslegal.com<br>*Attorneys for Plaintiff* | Thomas Lether, WSBA #18089<br>Sam Colito, WSBA #42529<br>Jensen Merrill, WSBA #57180<br>Lether Law Group<br>1848 Westlake Avenue N, Suite 100<br>Seattle, WA 98109<br>tlether@letherlaw.com<br>scolito@letherlaw.com<br>jmerrill@letherlaw.com<br>*Attorneys for Defendant Electroimpact Inc.* |

GOLDFARB & HUCK ROTH RIOJAS, PLLC
R. Omar Riojas
Kit W. Roth
925 Fourth Avenue, Suite 3950 Seattle, Washington 98104
Telephone: (206) 452-0260
roth@goldfarb-huck.com
riojas@goldfarb-huck.com
*Attorneys for Defendant Hydrospace Group, Inc.*

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on November 13, 2024, at Seattle, Washington.

*[signature]*

Ian McDonald

OPP. TO RUSH'S MOTION TO DISMISS– 12
CASE NO.: 2:24-CV-01223-LK

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555