Hon. Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD ORTOLI, as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet, Deceased,

    Plaintiff,

v.

OCEANGATE INC.; THE ESTATE OF R.S. RUSH III; TONY NISSEN; ELECTROIMPACT INC.; JANICKI INDUSTRIES, INC.; and HYDROSPACE GROUP, INC.,

    Defendants.

No. 2:24-cv-01223-LK

DEFENDANT THE ESTATE OF R. S. RUSH III'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER THE JONES ACT, 46 U.S.C. § 30104 ET SEQ., THE GENERAL MARITIME LAW, AND WASHINGTON STATE LAW

**Noted on Motion Calendar: November 27, 2024**

DEF. ESTATE OF R. S. RUSH III'S REPLY ISO MOTION TO DISMISS COMPLAINT (No. 2:24-cv-01223-LK)

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# I. INTRODUCTION

Plaintiff concedes that under the Jones Act, as a matter of law, there is only one employer. Significantly, Plaintiff alleges that Nargeolet's employer was OceanGate—not Rush. This is dispositive. In short, Plaintiff seeks to have the Court ignore the clear allegation made in the Complaint, that OceanGate is the employer. His efforts to do that fail. Indeed, as explained below, the cases he relies do not support his position. Rush was not alleged to be the vessel's owner and was an employee of OceanGate. Under applicable law, he cannot be liable under the Jones Act.

Plaintiff further attempts to hedge his theory by claiming that the corporate veil should be pierced also fails. Opp. at 9. Indeed, his Complaint does not include a veil-piercing allegation and, thus, this argument fails.

Instead of clearly articulating how the facts in the Complaint support the legal claims, Plaintiff attempts to hide behind baseless and unpleaded legal theories and the deference afforded to a plaintiff on a 12(b)(6) motion. When all this is stripped away, there is simply no viable legal theory that can support the allegations under the Jones Act. Accordingly, Defendant respectfully requests that this Court dismiss the Complaint.[1]

# II. ARGUMENT

**A.  Plaintiff Concedes General Maritime Law and State Law Claims Must Be Dismissed**

The Death on the High Seas Act ("DOHSA") applies when an individual dies "by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States." 46 U.S.C. § 30302. Nargeolet died "in navigable waters of the North Atlantic Ocean, off the coast of Newfoundland, Canada and beyond three

---

[1] Defendant recognizes that this Court may first wish to determine whether it has subject-matter jurisdiction before considering this motion, but Plaintiffs' argument that this motion is therefore "premature" is misplaced. Defendant submitted its motion pursuant to the timelines in the applicable federal rules.

DEF. ESTATE OF R. S. RUSH III'S REPLY ISO MOTION TO
DISMISS COMPLAINT (No. 2:24-cv-01223-LK) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

nautical miles from the shore of the United States." Complaint ¶ 6.4. "When DOHSA applies, it applies exclusively, preempting all survival claims for death on the high seas other than the Jones Act." *In re Anderson*, 847 F. Supp. 2d 1263, 1270 (W.D. Wash. 2012); *see also Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 118 S. Ct. 1890, 141 L. Ed. 2d 102 (1998) (holding DOHSA preempts general maritime law); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 232–33, 106 S. Ct. 2485, 91 L. Ed. 2d 174 (1986) (holding DOHSA preempts state wrongful death statutes). Since DOSHA applies, as Plaintiff concedes, the Court must dismiss Plaintiff's general maritime and state law wrongful death claims. Defendant understands that Plaintiff intends to seek to amend the Complaint to add a DOSHA claim.

### B. Plaintiff Cannot Sue Rush Under the Jones Act

Plaintiff seeks to avoid the clear allegation that OceanGate was Rush's employer, and wrongly suggests that the allegations he makes regarding the nature of Rush's role are sufficient to allege employer status. He then incorrectly asserts that they may sue more than one Defendant as a Jones Act employer but may only prevail against one. Opp. at 7. Plaintiff's argument simultaneously requires the Court to ignore Plaintiff's own allegation regarding OceanGate's status as the employer, and the United States Supreme Court's unequivocal statement that "only one person, firm, or corporation ***can be sued*** as employer." *Cosmopolitan*, 337 U.S. at 790–91 (emphasis added); *see also Trentacosta v. Frontier Pacific Aircraft Indus., Inc.*, 813 F.2d 1553, 1562 (9th Cir. 1987) (affirming district court's grant of motion to dismiss Jones Act claims against all but one defendant because only one employer can be sued under the Jones Act).

Plaintiff's argument that he may "allege" multiple Jones Act defendants relies on two cases: *Cosmopolitan* and *Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495 (9th Cir. 1995), *abrogated by Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 129 S. Ct. 2561,

DEF. ESTATE OF R. S. RUSH III'S REPLY ISO MOTION TO
DISMISS COMPLAINT (No. 2:24-cv-01223-LK) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

174 L. Ed. 2d 382 (2009). As explained below, neither case supports Plaintiff's conclusion.

### 1. Plaintiff incorrectly applies *Cosmopolitan* and *Glynn*.

"[A] Jones Act claim lies only against the employer, and the employer is liable for corporate acts and the acts of its officers, agents and employees. *Jurgens v. Poling Transp. Corp.*, 113 F. Supp. 2d 388, 402 (E.D.N.Y. 2000) (*citing Mahramas v. Am. Exp. Isbrandtsen Lines, Inc.*, 475 F.2d 165, 170 (2d Cir. 1973) ("[O]nly one person, be it an individual or a corporation, [may] be sued as the employer."). Rush, as the Complaint states, is neither the employer nor the vessel owner and, thus—as even the cases Plaintiff relies on hold—is not liable under the Jones Act as a matter of law.

Neither *Cosmopolitan* nor *Glynn* support Plaintiff. The plaintiff in *Cosmopolitan* only alleged one Jones Act employer. *Cosmopolitan*, 337 U.S. at 786. The court in *Glynn* held that corporate owner of the vessel was the Jones Act employer. *Glynn,* 57 F.3d at 1499. Here, the Complaint repeatedly alleges OceanGate employed Nargeolet. Complaint ¶¶ 1.3, 5.41, 7.6.

In *Cosmopolitan,* the Supreme Court reviewed the lower court's holding that Cosmopolitan Shipping Company, a general agent hired by the United States, was liable under the Jones Act. 337 U.S. at 785. The Court made clear that "only one person, firm, or corporation can be sued as employer." *Id.* at 790–91. The plaintiff sued Cosmopolitan due to injuries sustained as a result of the vessel master's negligence. *Id*. The Court granted certiorari to resolve whether the United States or Cosmopolitan was liable under the Jones Act. *Id*. In *Cosmopolitan*, the court noted that the master of the vessel, was an employee of the United States, and was responsible for hiring and firing the crew and directing their activities. Moreover, the master had full operational control of the vessel, including over the navigation and management of the vessel during voyages. Since the master's actions are attributable to the owner/employer under agency principals, the

DEF. ESTATE OF R. S. RUSH III'S REPLY ISO MOTION TO DISMISS COMPLAINT (No. 2:24-cv-01223-LK) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

United States was found to be the Jones Act employer as a matter of law. Of course, this analysis applies to Rush. *Id*. at 796; *see also Jurgens*, 113 F. Supp. 2d 388.

Plaintiff's reliance on *Glynn* fares no better. Opp. at 7. In that case, Glynn, the Jones Act employee, attempted to sue the corporate owner of the vessel, Roy Al, and the master of the vessel, Shawhan. 57 F.3d at 1498. The *Glynn* Court applied the *Cosmopolitan* analysis, noting that the vessel's master, who did not own the vessel, was not, as a matter of law, a Jones Act employer despite the fact he hired and fired crew members, decided the schedule for the crew, determined when and where fishing operations would occur, had full operational command of the vessel during fishing trips, enforced behavioral rules, procured supplies and equipment for the vessel, and was responsible for distributing the crew's share of net profits—using a personal check to pay Glynn. *Id*. at 1498–99. Like Rush, Shawhan was an agent of the corporate owner and not a Jones Act employer. *Id*. at 1500.[2] Significantly, despite describing certain actions Rush took, the Complaint alleges that OceanGate was Nargeolet's employer, not Rush. Moreover, there is no allegation that Rush owned the vessel—which he did not. For these reasons, as a matter of law, he is not the employer under the Jones Act.

### 2. The Complaint is devoid of allegations and facts necessary to pierce the corporate veil.

Apparently keenly aware of the shortcomings of the Jones Act argument, Plaintiff submits an entirely new theory in the Opposition: that the Court may pierce the corporate veil. Opp. at 8–9. Plaintiff's new speculative theory—which is absent from the Complaint—lacks factual support and fails to state a claim that is plausible on its face.

---

[2] Plaintiff additionally argues that "OceanGate and the Rush Estate cannot procure a dismissal prior to fact discovery by pointing their fingers away from themselves and towards each other." Opp. at 8. Plaintiff misrepresents Defendant's position. To be clear, Nargeolet was not an employee or either OceanGate or Defendant, but at this stage, Defendant is required to accept the facts alleged in the Complaint as true.

DEF. ESTATE OF R. S. RUSH III'S REPLY ISO MOTION TO DISMISS COMPLAINT (No. 2:24-cv-01223-LK) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Yet the allegations that Plaintiff points to in "support" of this theory are legally insufficient.

To pierce the corporate veil in Washington State, "the corporate form must be intentionally used to violate or evade a duty [and the] disregard must be necessary and required to prevent unjustified loss to the injured party." *Meisel v. M & N Modern Hydraulic Press Co.*, 97 Wn.2d 403, 645, 692 P.2d 689 (1982) (internal quotation omitted) (*citing Morgan v. Burks*, 93 Wn.2d 580, 587, 586 (1980)).  Additionally, the corporate veil may be pierced under the alter ego theory when the "corporate entity has been disregarded by the principals themselves so that there is such a unity of ownership and interest that the separateness of the corporation has ceased to exist." *Grayson v. Nordic Const. Co., Inc.*, 92 Wn.2d 548, 553, 599 P.2d 1271 (1979) (*citing Kueckelhan v. Federal Old Line Ins. Co. (Mut.)*, 69 Wn.2d 392, 411, 418 P.2d 443 (1966); *J. I. Case Credit Corp. v. Stark*, 64 Wn.2d 470, 475–76, 392 P.2d 215 (1964)); *W. G. Platts, Inc. v. Platts*, 49 Wn.2d 203, 207–08, 298 P.2d 1107 (1956); *In re Estate of Trierweiler*, 5 Wn. App. 17, 21, 486 P.2d 314 (1971)).

The Complaint is devoid of facts and accusations that Rush intentionally used OceanGate to violate or evade a duty, or that Rush used the Company in such a way so as to pierce the corporate veil.  The Complaint does not identify or allege any misuse of the corporate form by Rush.  For instance, there are no allegations that Rush personally commingled assets, undercapitalized OceanGate to avoid obligations, or used the Company for fraudulent purposes.  Threadbare assertions of control or influence without factual enhancement cannot support veil-piercing under *Iqbal*, 556 U.S. at 678.  The Opposition fails to articulate any factual basis for such a theory either.  Thus, the Jones Act claims fail as a matter of law and should therefore be dismissed.

DEF. ESTATE OF R. S. RUSH III'S REPLY ISO MOTION TO DISMISS COMPLAINT (No. 2:24-cv-01223-LK) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

### C. Amendment Would Be Futile

Courts can dismiss without leave to amend if the possible "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (quoting *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)); *see also Chappel v. Lab Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) ("a district court acts within its discretion to deny leave to amend when amendment would be futile"). Plaintiff does not seek leave to amend the complaint to add the veil-piercing theory, likely because he knows it would be futile. Accordingly, leave to amend should be limited to adding a DOHSA claim and all the remaining claims against Defendant should be dismissed with prejudice and without leave to amend.

\* \* \*

The undersigned certifies that this motion contains 1,830 words, in compliance with the Local Civil Rules.

DATED this 20th day of November, 2024.

                          McNAUL EBEL NAWROT & HELGREN PLLC

                          By: s/Robert M. Sulkin
                                Robert M. Sulkin, WSBA No. 15425
                                Malaika M. Eaton, WSBA No. 32837

                          600 University Street, Suite 2700
                          Seattle, Washington 98101
                          (206) 467-1816
                          rsulkin@mcnaul.com
                          meaton@mcnaul.com

                          Attorneys for Defendant The Estate of R.S. Rush III

DEF. ESTATE OF R. S. RUSH III'S REPLY ISO MOTION TO DISMISS COMPLAINT (No. 2:24-cv-01223-LK) – Page 6

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816