Hon. Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ORTOLI, as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>OCEANGATE INC., THE ESTATE OF R.S. RUSH III, TONY NISSEN, ELECTROIMPACT INC., JANICKl INDUSTRIES, INC. and HYDROSPACE GROUP, INC.,<br><br>Defendants. | No.  2:24-cv-01223-LK<br><br>**DEFENDANT ELECTROIMPACT INC.'S MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR:**<br>February 10, 2025<br><br>With Oral Argument |

### I.   CONFERENCE OF COUNSEL

Pursuant to this Court's Standing Order for All Civil Cases, the parties conferred on October 14, 2024, to discuss this motion.

### II.   INTRODUCTION

As set forth below, Plaintiff's Jones Act claims against Electroimpact are improper, as Paul-Henri Louis Nargeolet was not an employee of Electroimpact Inc. (Electroimpact). Moreover, because this loss took place more than three nautical miles from the shore of the

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 1

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 / F: (206) 467-5544

1  United States, the Death on the High Seas Act (DOHSA), 46 U.S.C. §30301, applies and provides
2  the sole remedy for Plaintiff's recovery. This statute preempts and bars Plaintiff's claims under
3  Washington State law and General Maritime Law.
4      As a result, Electroimpact asks that this Court dismiss with prejudice all claims asserted
5  under the Jones Act against Electroimpact. Furthermore, Electroimpact asks that the Court
6  dismiss with prejudice all claims against Electroimpact which are asserted under Washington
7  State law, General Maritime law, or are otherwise preempted by the Death on the High Seas Act.

8                       **III.    STATEMENT OF FACTS**

9      This lawsuit arises out of the failure of the Titan submersible on June 18, 2023. Dkt. 1-1
10  paragraph 1.1 At the time, the Titan was in the North Atlantic, near the location of the Titanic
11  shipwreck. Dkt. 1-1 paragraph 1.1 This area is near the coast of Newfoundland and is more than
12  three nautical miles from the cost of the United States of America. Dkt. 1-1 paragraph 1.1 Mr.
13  Nargeolet was on the Titan at the time of loss and died in the incident. Dkt. 1-1 paragraph 5.6
14      The Plaintiff is Mr. Nargeolet's Estate.  Plaintiff has filed suit against Electroimpact and
15  other Defendants. Plaintiff asserts claims against Electroimpact under the Jones Act, Washington
16  State law, and General Maritime law.
17      Specifically, the Plaintiff makes the following allegations in the Complaint:

18-22
- **1.1** On June 18, 2023, in the waters of the North Atlantic off the coast of Newfoundland, Paul-Henri Nargeolet and five other crew members boarded the manned deep-sea submersible TITAN and began a descent towards the most famous shipwreck in history – the Titanic. Mere hours later, the world learned that TITAN'S surface support ship had lost contact with the submersible, and waited with bated breath for further news of the crew's plight. Ultimately, everyone's worst fears were confirmed: the TITAN had suffered a catastrophic implosion under the tremendous weight of the ocean's depths. All five crewmembers, including Nargeolet, died.

23
- **2.1** This is an action within the maritime jurisdiction of this Court. This claim is maintained under the Jones Act, 46 U.S.C. § 30104 et

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 2

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

- **2.2** In the alternative, Plaintiff brings these claims against Defendants under Washington state law for negligence, wrongful death, and products liability.
- **5.60** At all relevant times the vessel TITAN was operating in navigable waters of the North Atlantic, near the location of the Titanic wreckage.
- **6.4** On June 18, 2023, the TITAN imploded in navigable waters of the North Atlantic Ocean, off the coast of Newfoundland, Canada and beyond three nautical miles from the shore of the United States.

seq., and the General Maritime Law of the United States, and any other applicable laws that Plaintiff will plead and prove. Plaintiff hereby exercises the right to pursue the claims asserted herein in state court, pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333.

The Plaintiff alleges the following causes of action against Electroimpact and other defendants:

- Wrongful Death, Negligence, and Gross Negligence Under General Admiralty Law
- Negligence and Gross Negligence Under The Jones Act
- Vessel Unseaworthiness Under The General Maritime Law
- Products Liability[1]
- Wrongful Death Under Washington State Law
- Pre-Death Pain and Suffering and Mental Anguish[2]

Dkt 1-1, paragraphs 6.1-11.3.

Based upon these causes of action, Plaintiff is seeking to recover damages for loss of support, loss of services, loss of inheritance, mental pain and anguish, funeral expenses, non-economic damages, pain and suffering, and punitive damages. Dkt 1-1, paragraph 12.6.

## IV.   LEGAL AUTHORITY AND ARGUMENT

A. **Motion to Dismiss Standard**

---

[1] This claim is brought "under the General Maritime Law of the United States and/or Washington Product Liability Act." Dkt. 1-1, paragraph 9.2

[2] This claim is brought "under the Jones Act. 46 U.S.C. § 30104 et seq., and/or Washington State Law." Dkt. 1-1, paragraph 11.2

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 3

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

1    A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Aschroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the court "must take all allegations of material fact as true . . . '[c]onclusory allegations of law and unwarranted inferences . . . are insufficient to avoid' dismissal." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (citations omitted). "Legal conclusions may provide a framework for a complaint, but 'they must be supported by factual allegations.'" *Id.* Unsupported conclusions "are not entitled to the assumption of truth." *Id.* Furthermore, in evaluating a Rule 12(b)(6) motion, the Court can "consider documents referenced extensively in the complaint" and "documents that form the basis of plaintiff's claims[.]" *Concept Dorssers v. Pac. Nw. Title Ins. Co.,* No. C09-1692RSL, 2010 U.S. Dist. LEXIS 26584, at *1 (W.D. Wash. Mar. 19, 2010). A defendant is entitled to dismissal where "plaintiff can prove no set of facts in support of his claim which would entitle him to relief", *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), whether due to "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory". *Balestreri v. Pacifica Police Dept. ,*901 F.2d 696, 699 (9th Cir. 1990).

**B.  Plaintiff's Jones Act Claims Against Electroimpact Are Not Proper**

The Court in *In re Anderson,* 847 F. Supp. 2d 1263, 1268 (W.D. Wash. 2012), sets forth the relief available under the Jones Act, and requirements for recovery under the same:

> As amended, the Jones Act allows a "seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman . . . [to] bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104. The Act has two threshold requirements. First, it provides a cause of action only to injured seamen or their personal

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 4

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 / F: (206) 467-5544

representatives. *Id*.; *Graca v. Rosebank Mar., Inc.,* No. 04-14302, 2005 WL 6458603, at *2 (11th Cir. 2005) (per curiam); *Ivy v. Sec. Barge Lines, Inc.,* 585 F.2d 732, 734 (5th Cir. 1978). Second, it limits that cause of action to suits against the seaman's employer. § 30104; *Cosmopolitan Shipping Co. v. McAllister,* 337 U.S. 783, 787 n.6, 69 S. Ct. 1317, 93 L. Ed. 1692 (1949).

*In re Anderson*, 847 F. Supp. 2d 1263, 1268 (W.D. Wash. 2012).

As set forth above, the Jones Act only provides a cause of action for injured seamen or their personal representatives and limits the cause of action to suits against the seaman's employer. Further, for claims under the Jones Act, the seaman must prove the existence of an employee-employer relationship with the particular Jones Act defendant. *Cosmopolitan*, 337 U.S. at 790-91. "Only one person, firm, or corporation can be sued as employer." *Id*. at 791. A Jones Act employer is liable for "injuries negligently inflicted on its employees by its officers, agents, or employees." *Hopson v. Texaco, Inc.*, 383 U.S. 262, 263, 86 S. Ct. 765, 15 L. Ed. 2d 740 (1966).

Plaintiff's Complaint does not allege that Mr. Nargeolet was an employee of Electroimpact. Dkt. 1-1. However, Plaintiff's Complaint repeatedly alleges that Mr. Nargeolet was an employee of OceanGate. Dkt. 1-1, paragraph 1.3. Additionally, Plaintiff's only allegations against Electroimpact simply state that Electroimpact performed a limited amount of work in connection with OceanGate's construction of the Titan submersible. Specifically, the Complaint states that, "Defendant ELECTROIMPACT INC. laid carbon fibers for the TITAN's second hull." Dkt. 1-1, paragraph 5.63. This is the sole allegation directed towards Electroimpact and its involvement with the Titan submersible.

These allegations establish that that Mr. Nargeolet was <u>not</u> an employee of Electroimpact. No other allegation in the Complaint establishes any connection between Electroimpact and Mr.

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 5

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

Nargeolet. Additionally, Electroimpact did issue payment, direction, or supervision to Mr. Nargeloet. Nor did Electroimpact have the power to hire or fire Mr. Nargeolet.

As a result, dismissal with prejudice of Plaintiff's Jones Act claims against Electroimpact is proper because Electroimpact was not, and has not alleged to have been, Mr. Nargeolet's employer.

### C. Plaintiff's Claims Are Barred By The Death On The High Seas Act

Electroimpact also seeks dismissal of Plaintiff's claims for wrongful death, negligence, and gross negligence under general admiralty law as they are preempted by DOHSA.

DOHSA states in pertinent part as follows:

> §30302. Cause of action
> When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative.
>
> §30303. Amount and apportionment of recovery
> The recovery in an action under this chapter shall be a fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought. The court shall apportion the recovery among those individuals in proportion to the loss each has sustained.

46 U.S.C. §30302-30303.

Congress enacted DOHSA in 1920. Its purpose was to address the dilemma of there being no remedy for death occurring on the high seas, outside the jurisdiction of the US Courts. The Supreme Court of the United States describes the development and purpose of DOHSA as follows:

> It was in this atmosphere that Congress considered legislation designed to provide a uniform and effective wrongful death remedy for survivors of persons killed on the high seas. In 1920, Congress

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 6

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

enacted DOHSA, in which it finally repudiated the rule of *The Harrisburg* for maritime deaths occurring beyond state territorial waters by providing for a federal maritime remedy for wrongful deaths more than three miles from shore. DOHSA limits the class of beneficiaries to the decedent's "wife, husband, parent, child, or dependent relative," establishes a 3-year statute of limitations period, allows a suit filed by the victim to continue as a wrongful death action if the victim dies of his injuries while suit is pending, provides that contributory negligence will not bar recovery, and declares that "recovery . . . shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought. . . .".

*Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 214-15, 106 S. Ct. 2485, 2490, 91 L. Ed. 2d 174 (1986).

DOHSA's application has been described by this Court as follows:

DOHSA applies whenever 'the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States." It provides that when such a death occurs "the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible." And, when DOSHA applies, it applies exclusively, "preempt[ing] all survival claims for deaths on the high seas" other than the Jones Act.

*In Re Anderson*, 847 F. Supp. 2d 1263, 1270 (W.D. Wash. 2012)(internal citations omitted).

In this matter, the application of DOHSA is clear. According to Plaintiff's Complaint, Mr. Nargeolet died on board the Titan submersible, beyond three nautical miles from the shore of the United States. Dkt. 1-1, paragraph 6.4. His death occurred on the high seas, and therefore is subject to DOHSA.

Plaintiff may argue that DOHSA is inapplicable because Mr. Nargeolet's death was caused by wrongful acts allegedly occurring within the borders of the United States. However, DOHSA applies even if the "wrongful act, neglect, or default" required by the statute took place inside the United States.

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 7

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

Federal courts have squarely resolved this question in Electroimpact's favor. For example, in *LaCourse v. PAE Worldwide, Inc.*, 980 F.3d 1350, 1353 (11th Cir. 2020), the Plaintiff estate brought claims following the death of retired Air Force Lieutenant Matthew LaCourse, the sole person on board an Air Force F-16 fighter jet that crashed into the Gulf of Mexico. *Id.* Lt. Col. LaCourse tragically died in the incident. *Id.*

Following the crash, claims were brought against PAE Worldwide Inc. (PAE) because either PAE or its predecessor allegedly failed to adequately maintain the hydraulic systems in the jet at issue. *Id.*

Lt. Col. Lacourse's estate filed a wrongful death action in Florida state court, alleging state law claims for negligence, breach of warranty, and breach of contract. *LaCourse*, 980 F.3d at 1354. PAE removed the matter to federal court. *Id*. PAE then moved for summary judgment, arguing that DOHSA applied to the suit and provided the exclusive remedy based upon the location of the crash. *Id*. PAE further moved the Court to strike the Plaintiff's state-law claims.

The court granted PAE's motion, determined that DOHSA preempted all other wrongful death causes of action, and dismissed the state-law claims. *Id*. On appeal Plaintiff contended that the district court erred in applying DOHSA, because although the death occurred more than twelve nautical miles from the United States, the alleged maintenance of the aircraft occurred on land. *Id.*

The Court recognized that although the statute states that the "wrongful act, neglect, or default" must take place on the high seas, controlling precedent stated otherwise. Specifically, the Court said:

> In *Offshore Logistics, Inc. v. Tallentire*, for instance, the Supreme Court observed that "admiralty jurisdiction is expressly provided under DOHSA *[where] the accidental deaths occurred beyond a marine league from shore*." So too, in *In re Dearborn Marine*

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 8

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

> *Service, Inc.*, our predecessor court, whose decisions bind us, recognized that "DOHSA has been construed to confer admiralty jurisdiction over claims *arising out of airplane crashes on the high seas though the negligence alleged to have caused the crash occurred on land*." It's not for the three of us to second-guess the correctness of *Offshore Logistics* or *Dearborn Marine*. Because we are bound by those decisions, we are constrained to agree with the district court that DOHSA applies despite the fact that PAE's alleged negligence occurred on land at Tyndall Air Force Base.

*LaCourse*, 980 F. 3d at 1356 (internal citations omitted) (emphasis original).

Based upon this reasoning, even if Plaintiff alleges that Mr. Nargeolet's death was caused by acts occurring inside the United States, DOHSA still applies and preempts Plaintiff's claims.

As a result, under DOHSA, Plaintiff's claims based on Washington state law and General Maritime law are precluded. As stated by Judge Lasnik, "when DOHSA applies, it applies exclusively, 'preempt[ing] all survival claims for deaths on the high seas' other than the Jones Act." *In re Anderson*, 847 F. Supp. 2d 1263, 1270 (W.D. Wash. 2012). In that case, the Court held that Plaintiff's common law negligence and unseaworthiness claims were preempted and precluded by DOHSA. *Id.* at 1271. Further, the court in *Khung Thi Lam v. Glob. Med. Sys.*, 127 Wn. App. 657, 662, 111 P.3d 1258, 1260 (2005) found, "DOHSA preempts state wrongful death and survival statutes and provides the exclusive remedy for deaths on the high seas." The same reasoning should apply to this matter. In light of the admitted location of Mr. Nargeolet's death, his Estate is limited to claims under DOHSA, and the Estate's non-DOHSA claims should be dismissed with prejudice.

D. **Plaintiff's Available Damages Under DOHSA**

As set forth above, assuming Plaintiff's claims against Electroimpact for wrongful death, negligence, and gross negligence under general admiralty law are preempted, and the Jones Act claim is dismissed, Plaintiff's only remaining claim against Electroimpact would be pursuant to

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 9

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 / F: (206) 467-5544

DOHSA.[3] Recovery under DOHSA is limited to pecuniary losses. The Court provided more specificity regarding what pecuniary damages are available: ". . .as a practical matter, these damages are limited to two things: loss of support and loss of services," *Howard v. Crystal Cruises*, 41 F.3d 527, 530 (9th Cir. 1994) (citing *2 Martin J. Norris, The Law of Seamen* § 29:1, at 307 (4th ed. 1985)).

Regarding damages available under DOHSA, "In the DOHSA setting, it is well established that recoverable damages include loss of support, loss of services of the decedent, loss of nurture, guidance, care and instruction, loss of inheritance, and those funeral expenses actually paid by the dependents." Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 7-2 (1987); *see also Sea-Land Serv., Inc. v. Gaudet*, 414 U.S. 573, 584-95 (1974); *Boykin v. Bergesen D.Y. A/S*, 835 F. Supp. 274, 285 (E.D. Va. 1993). "Loss of support and loss of inheritance are generally predicated on a showing of full or partial dependency." See, e.g., *Zicherman v. Korean Air Lines Co., Ltd.,* 43 F.3d 18, 23 (2 Cir. 1994); *Evich v. Connelly*, 759 F.2d 1432, 1433-34 (9 Cir. 1985), *cert. denied,* 484 U.S. 914 (1987) (denying recovery for pecuniary loss to non-dependent siblings).

"Accordingly, DOHSA allows certain relatives of the decedent to sue for their pecuniary losses but does not authorize recovery for the decedent's pre-death pain and suffering." *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 118, 118 S. Ct. 1890, 1892, 141 L.Ed.2d 102, 106 (1998). "By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the exclusive recovery for deaths that occur on the high seas." *Id.* "This Act limits the class of beneficiaries to the

---

[3] Electroimpact's Motion to Dismiss does not address or intend to address the merits of Plaintiff's DOHSA claim. Electroimpact reserves all rights and defenses.

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 10

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

decedent's wife, husband, parent, child, or dependent relative." *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 620, 98 S. Ct. 2010, 2012, 56 L.Ed.2d 581, 584 (1978).

Further, in *Garrett v. Air Logistics,* Civil Action No. 95-2190, Section "L", 1996 U.S. Dist. LEXIS 12588, at *8-9 (E.D. La. Aug. 23, 1996*)*, defined the measure of recovery under this provision is the actual pecuniary benefits that the decedent's beneficiaries could reasonably have expected to receive from the continued life of the decedent. *Solomon v. Warren*, 540 F.2d 777 (5th Cir. 1976), reh'g denied, 545 F.2d 1298; cert. dismissed, sub nom *Warren v. Serody*, 434 U.S. 801, 54 L. Ed. 2d 59, 98 S. Ct. 28 (1977).

As a result, assuming Plaintiff proceeds with a DOHSA claim against Electroimpact, Plaintiff's exclusive remedy under DOHSA is for the actual pecuniary benefits that the decedent's beneficiaries could reasonably have expected to receive from the continued life of the decedent. Those benefits include loss of support, loss of services of the decedent, loss of nurture, guidance, care and instruction, loss of inheritance, and those funeral expenses actually paid by the dependents.

### E. Damages Precluded Under DOHSA

The Court in *In re Anderson* No. C09-1436RSL, 2012 U.S. Dist. LEXIS 53176, at *13 (W.D. Wash. Apr. 16, 2012) sets forth damages which are not available under DOHSA:

> It is settled law in this circuit that DOHSA "preclude[s] recovery for nonpecuniary losses, such as loss of society or consortium, for deaths that occur on the high seas." *Id.* (citations omitted). "Punitive damages are therefore also unavailable under DOHSA." *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347 (9th Cir. 1987).

*Id.*

As a result, claims or damages related to loss of society or consortium are not available under DOHSA. Additionally, punitive damages are also unavailable to Plaintiff.

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 11

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

In regard to whether beneficiaries are entitled to mental pain and anguish for a claim made under DOHSA, the Ninth Circuit held:

> Because DOHSA creates only a cause of action for pecuniary damages suffered by the estate, and the survivor's grief is a nonpecuniary damage, we must hold that the district court erred in permitting Saavedra to proceed on that claim and in awarding judgment upon it.

*Saavedra v. Korean Air Lines Co.*, 93 F.3d 547, 552 (9th Cir. 1996).

As a result, nonpecuniary damages for mental pain and anguish are unavailable to Plaintiff.

Additionally, the United States Supreme Court has set forth the following regarding recovery for a decedent's pre-death pain and suffering:

> The comprehensive scope of DOHSA is confirmed by its survival provision, see *supra*, at 5, which limits the recovery in such cases to the pecuniary losses suffered by surviving relatives.
> . . .
> In sum, Congress has spoken on the availability of a survival action, the losses to be recovered, and the beneficiaries, in cases of death on the high seas. Because Congress has chosen not to authorize a survival action for a decedent's pre-death pain and suffering, there can be no general maritime survival action for such damages.

*Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 124, 118 S. Ct. 1890, 1895, 141 L.Ed.2d 102, 109-10 (1998).

Therefore, damages related to Mr. Nargeolet's pre-death pain and suffering are not recoverable.

### V. CONCLUSION

Based upon the foregoing, Electroimpact respectfully asks that this Court dismiss Plaintiff's preempted claims against Electroimpact with prejudice. To the extent Plaintiff seeks

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 12

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444/F: (206) 467-5544

to allege a claim under DOHSA against Electroimpact, leave to amend the Complaint may also be appropriate. A proposed order granting Electroimpact's requested relief is submitted herewith.

DATED this 13th day of January 2025.

I certify that this memorandum contains *3,497* words, in compliance with the Local Civil Rules.

LETHER LAW GROUP

*s/ Thomas Lether*
Thomas Lether, WSBA #18089
Sam Colito, WSBA #42529
Jensen Merrill, WSBA #57180
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
scolito@letherlaw.com
jmerrill@letherlaw.com
*Counsel for Defendant, Electroimpact, Inc.*

CORR CRONIN, LLP

*s/ Kelly H. Sheridan*
Kelly H. Sheridan
Steven W. Fogg
Mark T. Rutherford
1015 Second Ave, 10th Floor
Seattle, WA 98104
T: (206) 625-8600
ksheridan@corrcronin.com
sfogg@corrcronin.com
mrutherford@corrcronin.com
*Counsel for Defendant, Electroimpact, Inc.*

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 13

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 / F: (206) 467-5544

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the following party(ies):

Matthew D. Schaffer, WSBA #57271
Laura B Dela Cruz
Schecter, Shaffer, & Harris, LLP
3200 Travis St., 3rd Floor Houston
Texas 77006
Tel: (713) 524-3500
Mshaffer@smsl egal .com
Ldelacruz@smslegal.com

Tony Buzbee
Chris Leavitt
David Fortney
JP Morgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Tel: (713) 223-5393
Tbuzbee@txattorneys.com
Cleavitt@txattorneys.com
Dfortney@txattorneys.com

*Counsel for Plaintiff, Richard Ortolli as Administrator of the Estate of Paul-Henri Nargeolet, Deceased*

**By:**     [ ] First Class Mail          [X] E-Service/Email     [ ] Legal Messenger

DATED this 13th day of January 2025 at Seattle, Washington.

*s/ Brittany Lang*
Brittany Lang | Paralegal

ELECTROIMPACT INC.'S
MOTION TO DISMISS – 14

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 / F: (206) 467-5544